■ GALLAGHER'S SUCCESSORS, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—Judgment, Supreme Court, New York County, entered May 23, 1975, in favor of plaintiff, after a jury trial, on the issue of liability only, unanimously reversed, on the law, and a new trial directed with $60 costs and disbursements of this appeal to abide the event. This is an action to recover $130,000 in property damages and loss of business resulting from a fire on November 20, 1968, at 228 West 52nd Street, Manhattan. Scrutiny of the record discloses that in its charge the trial court instructed the jury that the sole question for them to determine was whether the fire originated in the plaintiff's or the defendant's electrical system and on that basis alone liability would be fixed. The court then reviewed the facts and gave a standard charge on negligence relative to a utility and concluded by charging the *res ipsa* doctrine and the standard of care required of a utility. Defendant excepted to those portions of the charge relating to the sole question before the jury and the application of the *res ipsa* doctrine. The instruction to the jury that in effect there was only one question to decide, viewed in the context of this type of case and the testimony at trial, clearly warrants the conclusion that a general discourse on the law of negligence did not ameliorate the error. The charge in this restrictive and somewhat abstract fashion in relation to the circumstances of this case could well be violative of the principle that an electric utility is not a guarantor and is not liable without fault for the damages resulting from the fire (see *Van Leet v Kilmer,* 252 NY 454, 457). Similarly, there was no basis for invocation of the *res ipsa* doctrine against defendant. This is not a case where the jury could infer negligence from the mere happening of an accident. It cannot be said that other causes of the fire, including the conduct of the plaintiff, are sufficiently eliminated by the evidence (see *Abbott v Page Airways,* 23 NY2d 502, 512). For example, a fire marshal testified that the cause of the fire was overheating of the plaintiff's electric motor, while an expert witness for plaintiff averred that the fire was caused by the failure of Con Ed's cables. *Res ispa* is not applicable where it is at least equally probable that the negligence was that of another. In other words, although "there is beyond all possible doubt negligence in the air, *it is still necessary to bring it home to the defendant"* (*Corcoran v Banner Super Market,* 19 NY2d 425, 431; see, also, *Galbraith v Busch,* 267 NY 230, 234). In conclusion note is taken that the testimony by a deputy fire chief that the lights in the building were still burning when he entered the premises appears to conflict with the testimony of plaintiff's expert as to defendant's cable being shorted and burned apart. Resolution of this conflict is of critical import in light of the physical principle that electric current generally does not flow through a cable thus destroyed. Concur—Stevens, P. J., Markewich, Kupferman, Lupiano and Nunez, JJ.