■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. BISHOP, Appellant.—Judgment unanimously affirmed. Memorandum: The showups were not unduly suggestive and occurred near the scene of the crime and soon thereafter *(see, Neil v Biggers,* 409 US 188, 198; *Manson v Brathwaite,* 432 US 98, 113; *People v Adams,* 53 NY2d 241, 248-252; *People v Logan,* 25 NY2d 184, 195, *cert denied* 396 US 1020).* We have reviewed the other issues raised on appeal and find them without merit. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—grand larceny, third degree, and another offense.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.

■ ELNORA ROTHROCK et al., Respondents, v JOHN COTTOM et al., Appellants.—Judgment unanimously reversed, on the law, without costs, motions granted and complaint dismissed. Memorandum: In this negligence action, plaintiff Elnora Rothrock claimed that she slipped and fell on defendants' driveway, breaking her right wrist. It was undisputed at trial that plaintiff fell because of an accumulation of ice on the driveway, and that the storm which had caused this condition was still in progress at the time of the accident. It is well settled that " '[R]esponsibility for ice conditions arises, at the most, only after the lapse of a reasonable time for taking protective measures and never while a storm is in progress' " *(Valentine v City of New York,* 86 AD2d 381, 384, *affd* 57 NY2d 932, quoting *Valentine v State of New York,* 197 Misc 972, 975, *affd* 277 App Div 1069, *lv denied* 302 NY 952). Since plaintiff fell on ice formed during a storm which was in progress at the time of the accident, she cannot recover *(Moorhead v Hummel,* 36 AD2d 682, 683; *Falina v Hollis Diner,* 281 App Div 711, *affd* 306 NY 586). Defendants' motions at trial to dismiss the complaint on this ground should have been granted. (Appeal from judgment of Supreme Court, Livingston County, Rosenbloom, J.—personal injury.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.