■ LAURA FLEISCHER et al., Appellants, v MELMARKETS, INC., Doing Business as FOODTOWN SUPERMARKETS, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Collins, J.), entered September 12, 1989, which, upon a jury verdict, is in favor of the defendant on the issue of liability.

Ordered that the judgment is affirmed, with costs.

The plaintiff Laura Fleischer was injured in a supermarket owned and operated by the defendant when a wall of ketchup bottles, approximately six to seven feet high, fell on her as she was standing in line at the check-out counter. The plaintiffs offered expert testimony to the effect that the ketchup bottles should have been displayed at a lower height for safety reasons. The jury found that the defendant was not negligent.

On appeal, the plaintiffs contend that the trial court committed reversible error by failing to charge res ipsa loquitur and by charging that they had the burden of proving that there was a dangerous condition, rather than that the premises were not in a reasonably safe condition. The plaintiffs also maintain that the verdict was against the weight of the evidence. We disagree.

The doctrine of *res ipsa loquitur* is not applicable where it is at least equally probable that the negligence involved was that of someone other than the defendant *(see, Gallagher's Successors v Consolidated Edison Co.,* 52 AD2d 547). In the instant case, the store manager testified that he had observed a five-year-old child pushing an empty shopping cart into the ketchup display. The plaintiffs failed to establish control by the defendant "of sufficient exclusivity to fairly rule out the chance that [the defects were] * * * caused by some agency other than defendant's negligence" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 228; *accord, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Veal v New York City Tr. Auth.,* 148 AD2d 443, 445). Accordingly, the trial court properly refused to charge *res ipsa loquitur.*

Nor is there merit to the plaintiffs' contention that the court's charge improperly increased their burden of proof. The distinctions concerning the status of persons on an owner's premises, and concerning dangerous conditions as opposed to mere defects, have been abolished in New York *(see, Basso v Miller,* 40 NY2d 233; *Scurti v New York,* 40 NY2d 433). There now exists a single standard of care which requires that a plaintiff establish that a property owner failed to act as a reasonable person would in maintaining his or her property in a reasonably safe condition, in view of all of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk *(see, Basso v Miller, supra).*

In this case, the court correctly charged that "the defendant had a duty to exercise reasonable care to keep the premises in a reasonably safe condition". The court subsequently instructed the jury that "[w]hat you must decide is * * * whether the defendant acted with reasonable care". The two references to a dangerous condition during the course of the charge, even if erroneous, did not confuse the proper standard set forth by the court. Since the alleged errors in the charge were insignificant and the charge as a whole correctly apprised the jurors of the proper standard of care, reversal of the underlying judgment is unwarranted *(see, Timmons v Hecker,* 110 AD2d 762).

Nor was the jury's verdict contrary to the weight of the credible evidence. On this record, it cannot be said that the jury could not have reached the verdict on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134).

Under the circumstances, the judgment in favor of the

defendant on the issue of liability is affirmed. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.