■ IVAN PESA et al., Appellants, v ARNOLD L. GINSBERG et al., Respondents. (And a Third-Party Action.)—Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered or or about June 21, 1991, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a painter, was injured attempting to move furniture in the course of performing a painting contract in defendants' house. His cause of action based on Labor Law § 240 (1) was properly dismissed, since that section applies only to work performed at heights *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Nor does plaintiff have a cause of action under either Labor Law § 200 or § 241 (6) in view of the single family dwelling exception contained in both. Offering suggestions, lending tools, demonstrating areas that need to be painted, or selecting the paint to be used, is insufficient to cast a homeowner in liability *(Schwartz v Foley,* 142 AD2d 635, *lv denied* 73 NY2d 702). Mrs. Ginsberg's control of the work here "was no different than the type of control any homeowner has over work being done in his or her home." *(Supra,* at 636.) Even if she had demanded of plaintiff that he move the furniture, as alleged, the manner in which the work was to be performed still would have been left to plaintiff. The statements plaintiff attributes to Mrs. Ginsberg do not indicate anything more than that she wanted the job performed according to the contract. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.