■ RICHARD FOSTER et al., Plaintiffs, v ALAN SPEVACK, Individually and as Trustee of STATEWAY PLAZA SHOPPING CENTRE, a Joint Venture, et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiffs. EDWARD IRISH CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (Appeal No. 1.) [605 NYS2d 706] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover for injuries sustained by plaintiff Richard Foster (plaintiff) as a result of slipping and falling on ice in the parking lot of the shopping center owned by defendants Spevack and Statewide Plaza Shopping Centre (collectively, Spevack). Spevack had a contract with defendants Fred Tontarski (Tontarski) and his wife's corporation, Tontarski, Inc., doing business as Fabco (Fabco), to maintain the parking lot, including snow removal. Plaintiff fell when he walked between a building, leased to Watertown TV Partners, Ltd. (Watertown TV), and a small construction trailer to urinate. At that time, the building was being renovated by third-party defendants Edward Irish Construction, Inc. (Irish), the contractor, and its subcontractor, Davis-Fetch Acoustical Corp. (Davis-Fetch). Plaintiff, an employee of Davis-Fetch, reported to work at the building site at eight o'clock that morning and sometime thereafter, upon being informed that there were no bathroom facilities at the work site, was directed to use an area behind the building for that purpose.

Plaintiffs initially commenced an action against Spevack, Tontarski and Fabco based on negligence. Tontarski and Fabco, in turn, sued third-party defendants seeking indemnification and/or contribution based in part on their violation of Labor Law § 200 and § 241 (6). Spevack thereafter cross-claimed against third-party defendants, also seeking indemnification and/or contribution and cross-claimed against Tontarski and Fabco for contribution. By order dated May 20, 1992, Supreme Court granted the motions for summary judgment of third-party defendants Irish and Davis-Fetch dismissing Ton-

tarski's and Fabco's third-party action and Spevack's cross claim, holding that neither Tontarski and Fabco nor Spevack had standing to sue under the Labor Law and that third-party defendants Irish and Davis-Fetch owed no duty of care to plaintiff because he was not employed to do construction work at this construction site. Unknown to the court, plaintiffs had previously served an amended complaint interposing a cause of action under the Labor Law against Spevack, Tontarski and Fabco.

Thereafter, Spevack moved for summary judgment dismissing plaintiffs' Labor Law cause of action and to amend the answer to assert cross claims against Tontarski and Fabco for common-law and contractual indemnification. Plaintiffs cross-moved for partial summary judgment against Spevack with respect to the Labor Law cause of action. Tontarski and Fabco also moved for summary judgment against plaintiffs. By order dated August 11, 1992, Supreme Court denied the motions for summary judgment of both plaintiffs and Spevack. The court granted Tontarski's and Fabco's motion to dismiss plaintiffs' complaint and to dismiss Spevack's cross claim for contribution and contractual indemnification, but declined to dismiss Spevack's cross claim for common-law indemnification, conditioned upon the service of a third-party complaint by Spevack upon Tontarski and Fabco asserting that claim.

Supreme Court improperly dismissed Spevack's claim for contribution from Davis-Fetch. Labor Law § 200 codifies the common-law duty of an owner and contractor to provide workmen at a construction site with a safe place to work (Allen v Cloutier Constr. Corp., 44 NY2d 290). Whether Davis-Fetch breached that duty when its supervisor directed plaintiff to an open area for bathroom purposes, and whether Davis-Fetch knew or should have known that the area was unsafe because of its icy condition, are questions for the fact-finder at trial. Davis-Fetch's liability for contribution would not be affected by the failure of plaintiffs to sue it directly (see, Doyle v Happy Tumbler Wash-O-Mat, 90 AD2d 366).

In view of the circumstances with respect to the motions, the statement in the May 20, 1992 order that plaintiff was not an employee entitled to protection under the Labor Law did not constitute the law of the case (see, Donohue v First Trust Co., 286 App Div 918; see also, Bobrow v Bobrow, 181 AD2d 556). Further, even if it did constitute the law of the case, both orders are before us on this appeal and we are not bound by Supreme Court's determination (see, Martin v City of Cohoes, 37 NY2d 162, 165).

Supreme Court properly refused to dismiss plaintiffs' Labor Law § 200 cause of action against Spevack. Plaintiff was at the construction site at the direction of his employer, Davis-Fetch, and fell in an area bounded by the building under construction and a construction trailer. It is well settled that "the lack of proximity between the place of accident and the precise location of construction is not dispositive against Labor Law liability for injuries to workers handling construction materials and equipment" *(Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79; *see also, Nagel v Metzger,* 103 AD2d 1; *cf., Sprague v Louis Picciano, Inc.,* 100 AD2d 247, *lv denied* 62 NY2d 605). Plaintiff, as an employee working on a construction site, was entitled to the protection of Labor Law § 200. Plaintiff's employer had control over "the activity bringing about the injury" *(Russin v Picciano & Son,* 54 NY2d 311, 317) and the issue whether it had actual or constructive notice of the condition of the parking lot awaits resolution at trial.

Spevack's claim against Davis-Fetch and Irish alleging a violation of Labor Law § 241 (6) was properly dismissed. Plaintiffs' cause of action pursuant to Labor Law § 241 (6) and (7) should also have been dismissed. In *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), the Court of Appeals clarified the duties imposed by Labor Law § 241 (6), requiring that, in order to state a cause of action under section 241 (6), a plaintiff must allege violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor. Plaintiffs failed to do so in either their amended complaint or their bill of particulars. We recognize that that argument was not raised at Supreme Court; nevertheless, compliance with *Ross v Curtis-Palmer Hydro-Elec. (supra)* is fundamental to plaintiffs' recovery. In the interests of judicial economy and the expeditious resolution of this lengthy and convoluted lawsuit, we resolve that issue *(see, O'Connor v O'Grady,* 143 AD2d 738; *Adirondack Park Agency v Ton-Da-Lay Assocs.,* 61 AD2d 107, 110, *lv dismissed* 45 NY2d 834). We dismiss plaintiffs' Labor Law § 241 (6) and (7) cause of action, therefore, without prejudice to plaintiffs' repleading that cause of action. Similarly, we modify by permitting Spevack to replead his Labor Law § 241 (6) cause of action against Davis-Fetch and Irish.

Because Spevack failed to appeal from that part of the order granting Tontarski's and Fabco's motion for summary judgment dismissing Spevack's cross claim for contribution (CPLR 5515 [1]), we decline to reach the issue whether the dismissal was proper. (Appeal from Order of Supreme Court, Jefferson

County, Gilbert, J.—Dismiss Complaint.) Present—Callahan, J. P., Green, Balio, Fallon and Boehm, JJ. [As amended by unpublished order entered Feb. 4, 1994.]