■ RICHARD DURFEE et al., Appellants, v EASTMAN KODAK COMPANY, Respondent and Third-Party Plaintiff. A.W. FARRELL & SON, INC., Third-Party Defendant-Respondent. [624 NYS2d 704] .—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly dismissed the Labor Law § 200 and common-law negligence causes of action. The dangerous condition arose from the contractor's methods; the owner exercised no supervisory control over the work that resulted in injuries to Richard Durfee (plaintiff) *(see, Comes v*

*New York State Elec. & Gas Corp.,* 82 NY2d 876; *Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948).

The court erred, however, in granting that part of defendant's motion for summary judgment seeking dismissal of the Labor Law § 241 (6) cause of action *(see, Baird v Lydall, Inc., Manning Div.,* 210 AD2d 577; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796). Plaintiff alleged a violation of a specific regulation as required by *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501-505), i.e., section 23-1.7 (d) of the Industrial Code (12 NYCRR 23-1.7 [d]). That section requires employers to remove, sand or cover any elevated work surface that is in a slippery condition, and plaintiff alleged that the roof on which he was working was slippery. (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Labor Law.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.