■ RONALD FOSTER, Appellant, v DAVID J. JOSEPH COMPANY, Respondent. [629 NYS2d 149] —Order unanimously affirmed without costs. Memorandum: Plaintiff was injured while repairing and assembling component parts of the cyclone unit of a grinder system used in the recycling of metal scrap. The repair, refurbishing and assembly of such heavy machinery and equipment is part of the customary business of his employer. Thus,

"plaintiff was engaged in his 'normal occupation' of repairing machinery at a repair shop, a task not a part of any construction project or any renovation or alteration to the repair shop itself" *(Warsaw v Eastern Rock Prods.,* 193 AD2d 1115). Plaintiff was not engaged in an activity protected by Labor Law § 240 (1) or § 241 (6) *(see, Jock v Fien,* 80 NY2d 965, 968; *Warsaw v Eastern Rock Prods., supra).* Further, there is no basis for the imposition of liability pursuant to Labor Law § 200. The record shows that defendant did not exercise supervision or control over the manner or method of plaintiff's work *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *cf., Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). Thus, Supreme Court properly dismissed the complaint in its entirety. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Labor Law.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.