■ MICHAEL SCHIAVONE, as Administrator of the Estate of HENRY B. HALICKI, Also Known as HENRY B. T. HALICKI, Also Known as H. B. HALICKI, Deceased, Respondent-Appellant, v RONALD HALICKI et al., Respondents, and NICHTER EQUIPMENT RENTAL, INC., Appellant-Respondent, et al., Defendants. (Action No. 1.) MICHAEL SCHIAVONE, as Administrator of the Estate of HENRY B. HALICKI, Also Known as HENRY B. T. HALICKI, Also Known as H. B. HALICKI, Respondent-Appellant, v INDUSTRIAL REALTY & FUNDING, INC., et al., Appellants-Respondents. (Action No. 2.) [634 NYS2d 312] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of Nichter Equipment Rental, Inc. (Nichter) for summary judgment dismissing the complaint in action No. 1 and the third-party complaint in action No. 2. The court also erred in denying the motion of Industrial Realty & Funding, Inc., formerly known as Brondy Real Estate Co., Inc. (Brondy) for summary judgment dismissing the complaint in action No. 2. Plaintiff's decedent (Toby) was the producer and director of a film depicting automobile chase and vehicle demolition scenes. Through one of his

companies, he leased property in Tonawanda from Brondy and obtained permission to topple a water tower thereon. He rented bulldozers from Nichter and placed one under the water tower to anchor it. When a second leg of the water tower was cut in accordance with Toby's instructions, the water tower toppled, striking a utility pole that struck and killed Toby.

At oral argument, plaintiff abandoned his common-law negligence cause of action and Labor Law § 200 claim against all defendants except Nichter. We conclude that Nichter established by proof in admissible form that it exercised no supervision or control over the manner in which Toby and his employees performed the work and that plaintiff failed to raise an issue of fact. Thus, Nichter is entitled to summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim (see, Misseritti v Mark IV Constr. Co., 209 AD2d 931, 932-933, affd 86 NY2d 487; Damon v Starkweather, 185 AD2d 633; see also, Walsh v Sweet Assocs., 172 AD2d 111, 113-114, lv denied 79 NY2d 755).

With respect to the remaining claims asserted against Nichter and Brondy, i.e., the Labor Law § 240 (1) and § 241 (6) claims, we conclude that those claims should have been dismissed because Toby was not "employed" within the meaning of those statutes. Plaintiff argues that, pursuant to contract A between Toby and his brother, Ronald Halicki, Toby was an independent contractor and therefore covered by Labor Law § 240 (1) (see, Haimes v New York Tel. Co., 46 NY2d 132). We disagree. Contract A is a financing agreement between Toby and his brother, whereby Toby agreed to finance the film in exchange for the exclusive right to purchase it. That contract does not refer to any labor to be performed by Toby. Thus, plaintiff has failed to raise an issue of fact that Toby "was hired by someone, be it owner, contractor or their agent" (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971; see also, Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577). For the same reason, the court properly granted the motion of Ronald Halicki for summary judgment dismissing the complaint in action No. 1 and the third-party complaint in action No. 2 against him.

We modify the order on appeal, therefore, by granting the motion of Nichter for summary judgment dismissing the complaint in action No. 1 and the third-party complaint in action No. 2, and by granting the motion of Brondy for summary judgment dismissing the complaint in action No. 2. (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Labor Law.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.