■ JOHN MCCAGUE et al., Respondents, v WALSH CONSTRUCTION, Appellant. (And a Third-Party Action.) [638 NYS2d 752]

The plaintiff John McCague was injured on a worksite at which the defendant was the general contractor. At one of the doorways of a building at the worksite, the defendant installed a ramp, which was, at its highest point nearest the door, 18 inches above the ground. The ramp, about 8 to 10 feet long, sloped in a downward direction from its highest point at the doorway to the ground level at the end of the ramp. McCague traversed this ramp several times before the accident. McCague walked up the ramp some 15 minutes before the accident and he did not notice any substance on the ramp. At the time of the accident, McCague was walking down the ramp, when he slipped and fell. McCague's upper torso hit the ramp while his left hand hit the ground, and when he landed, McCague's left foot and his neck were "off * * * the ramp". When McCague got up after the accident, it was then that he noticed sand in the area in which he fell. The sand was in the shape of a "pancake", about 8 to 12 inches in diameter and 1/4 to 1/2 inch thick. McCague could not recall any footprints or markings in the sand, or if the sand was smeared.

The Labor Law § 240 (1) cause of action must be dismissed because McCague was not injured as the result of an elevation-related hazard (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Rocovich v Consolidated Edison Co., 167 AD2d 524, affd 78 NY2d 509). The Labor Law § 200 and common-law negligence cause of action also must be dismissed because the plaintiffs failed to establish that the defendant created or had actual or constructive notice of this slippery condition. The plaintiffs could not establish any facts from which it could be inferred that the sand was on this ramp for a sufficient length of time to allow the defendant time to discover and remedy this condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Rotunno v Pathmark, 220 AD2d 570).

The Labor Law § 241 (6) cause of action also must be dismissed. It has been held that a plaintiffs' citation to 12 NYCRR 23-1.7 (d) would ordinarily permit a Labor Law § 241

(6) cause of action to go forward (see, *Durfee v Eastman Kodak Co.,* 212 AD2d 971; *Hammond v International Paper Co.,* 178 AD2d 798). However, because the violation of Industrial Code regulations implemented under Labor Law § 241 (6) only constitutes some evidence of negligence (see, *Ross v Curtis-Palmer Hydro-Elec. Co., supra; Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Long v Forest-Fehlhaber,* 55 NY2d 154; *Monroe v City of New York,* 67 AD2d 89), we conclude that there must be some evidence that the slippery condition existed for a sufficient length of time for it to be discovered and remedied, as is the rule in any negligence action based upon a slip and fall (see, e.g., *Gordon v American Museum of Natural History, supra; Hammond v International Paper Co., supra*).

The parties' remaining contentions are without merit. Thompson, J. P., Altman, Friedmann and Florio, JJ., concur.