■ GERALD COTTONE et al., Respondents-Appellants, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Defendant, and PIKE COMPANY, INC., Formerly Known as T.F. JUDSON, JR., COMPANY, LTD., Appellant-Respondent. [639 NYS2d 631]

Supreme Court erred in denying that part of the motion of The Pike Company, Inc. (defendant) seeking to dismiss the Labor Law § 200 cause of action. The dangerous condition arose from the subcontractor's methods, and defendant did not exercise any supervisory control over those methods (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, *lv dismissed* 85 NY2d 924). Further, defendant, a general contractor, had no duty to protect against readily observable conditions (*see, Gasper v Ford Motor Co.*, 13 NY2d 104, 110, *mot to amend remittitur granted* 13 NY2d 893; *McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877).

The court properly denied summary judgment to both parties on the Labor Law § 241 (6) cause of action *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502, n 4). Plaintiffs alleged a violation of Industrial Code (12 NYCRR) § 23-1.7 (d). Contrary to defendant's contention, neither that section nor our decision in *Durfee v Eastman Kodak Co.* (212 AD2d 971, *lv dismissed* 85 NY2d 968) requires that the work surface be elevated before an employer's duty is triggered. In addition, we cannot agree with defendant that water and mud are integral parts of the walkway (*cf., Adams v Glass Fab*, 212 AD2d 972), and that the installation of sod around a running track under construction is not an activity protected under Labor Law § 241 (6) (*see, Jock v Fien*, 80 NY2d 965, 968).

All concur except Pine and Boehm, JJ., who dissent in part in accordance with the following Memorandum.

Pine and Boehm, JJ. (dissenting). We conclude that Supreme Court erred in denying defendant's motion for summary judgment on the Labor Law § 241 (6) cause of action. To establish defendant's liability under that statute, plaintiff must prove that defendant violated a rule or regulation of the Commissioner of Labor setting forth "a specific standard of conduct as opposed to a general reiteration of common-law principles" (*Adams v Glass Fab,* 212 AD2d 972, 973). Plaintiff alleged a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), which provides: "Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform *or other elevated working surface* which is in a slippery condition. Ice, snow, water, grease and any other *foreign substance* which

may cause slippery footing shall be removed, sanded or covered to provide safe footing." (Emphasis added.)

In our view, the mud upon which plaintiff slipped does not constitute a foreign substance within the meaning of the regulation. The ground at the construction site consisted of dirt that had turned to mud because of rain. By putting plywood on the ground, the contractor attempted to improve safety conditions. If the contractor had left the mud uncovered, no liability would have attached under Labor Law § 241 (6) and the Industrial Code (see, Stairs v State St. Assocs., 206 AD2d 817). To impose liability here is to discourage the adoption of safety measures, which is contrary to the purpose of Labor Law § 241 (6).

We do not reach the further issue whether the regulation applies only to elevated working surfaces, as defendant contends. (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Labor Law.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.