■ JESUS ORTIZ et al., Appellants, v JOSE L. PENA et al., Respondents. [642 NYS2d 317] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 17, 1995, which *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the IAS Court that the applicability of the exemption contained in Labor Law § 240 for owners of one-family and two-family dwellings is established as a matter of law, inasmuch as the home was constructed as a two-family dwelling and only one floor was rented to tenants, with other members of defendants' family residing in other areas of the home. The purpose of the exemption from Labor Law coverage for one-family and two-family homeowners was to make the law more reflective of the practical realities, since it would be unrealistic to expect such homeowners to realize, understand and insure against the responsibility imposed by the Labor Law (*Cannon v Putnam*, 76 NY2d 644, 649-650). Further, there is here no showing that the defendant homeowners controlled or supervised the work performed by plaintiff. That the homeowner suggested borrowing a ladder from a neighbor, or the day before the accident helped to clear debris from an adjoining lot, is an insufficient predicate to render the homeowner liable (*see, Pesa v Ginsberg*, 186 AD2d 521).

Finally, there is insufficient evidence demonstrating that defendants were, or should have been, aware of a visible and apparent defect in the flashing which contributed to this accident as would constitute constructive notice of a defect and allow for liability under common-law negligence or Labor Law § 200 (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.