◼ LEONARD H. RAMSKI, JR., Appellant, v ZAPPIA ENTERPRISES, INC., et al., Respondents. ZAPPIA ENTERPRISES, INC., Third-Party Plaintiff, v FRIENDSHIP CONSTRUCTION, INC., Third-Party Defendant-Respondent. [645 NYS2d 364] —Order unanimously affirmed without costs. Memorandum: Plaintiff, an employee of third-party defendant, Friendship Construction, Inc., was injured when he slipped and fell on an ice patch at a construction site while carrying corrugated metal sheets from a storage area inside Building C to another area inside the building where the sheets were to be affixed to the side wall of the building. Plaintiff commenced this action against Zappia Enterprises, Inc. (Zappia), the owner, and Telfair Construction Corporation (Telfair), the construction manager, alleging violations of Labor Law §§ 200 and 241 (6). After issue was joined and discovery was completed, defendants moved for summary judgment dismissing the complaint. Supreme Court granted their motions and dismissed the complaint. We affirm.

Defendants established by proof in admissible form that they did not exercise either the requisite supervision or control over plaintiff or the manner in which plaintiff performed the work so as to warrant the imposition of Labor Law § 200 liability (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Schiavone v Halicki*, 221 AD2d 950; *see generally, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505-506). The general supervisory authority of Telfair at the work site is insufficient to establish its liability under that section (*see, McCune v Black Riv. Constructors*, 225 AD2d 1078). Moreover, defendants had no duty to protect plaintiff against a condition that may be readily observed (*see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877). Plaintiff failed to come forward with proof in admissible form to show the existence of an issue of fact (*see, Schiavone v Halicki, supra*).

Defendants also established their entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action. Section 23-1.7 (d), although sufficiently specific (*see, Durfee v Eastman Kodak Co.*, 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968), has no application to the facts of this case because the area in which plaintiff's injury occurred does not qualify as a "floor, passageway, walkway, scaffold, platform or other elevated working surface" (12 NYCRR 23-1.7 [d]; *see, Stairs v State St. Assocs.*, 206 AD2d 817, 818). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.