■ JOSEPH KUCHMAN et al., Appellants, v OLYMPIA & YORK, USA, INC., et al., Respondents. [656 NYS2d 323] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated December 11, 1995, which granted the defendants' motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Joseph Kuchman slipped and fell while walking in the lobby of a building owned by the defendant Trinity Place Co. and cleaned by the defendant ISS International Service System, Inc. Although rubber mats had been laid on the lobby floor due to rainy weather, the injured plaintiff slipped on an area not covered by a mat. At his deposition plaintiff testified that he slipped on "something", but could not identify the substance upon which he slipped, did not see any water on the lobby mats or floor, and did not look on the floor where he slipped before or after the fall. The injured plaintiff also testified that he believed that a "wet substance" caused his fall because the back of his raincoat was wet after the accident. The Supreme Court dismissed the complaint holding that "no bona fide issues of fact exist which would preclude the granting of summary judgment". We agree.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon the property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence

(*see, Miller v Gimbel Bros.,* 262 NY 107; *Edwards v Terryville Meat Co.,* 178 AD2d 580).

The record demonstrates that defendants were entitled to summary judgment since there is neither proof of a defective condition nor any material issue of fact with respect to the existence of such a condition (*see, Silver v Brodsky,* 112 AD2d 213; *Stoerzinger v Big V Supermarkets,* 188 AD2d 790; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320). Moreover, the mere fact that the back of the injured plaintiff's clothing was wet after the fall is insufficient to raise a question of fact in this regard (*see, Rowe v Board of Educ.,* 120 AD2d 850).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.