■ MARK S. ROTHSCHILD, Respondent-Appellant, v FABER HOMES, INC., Appellant-Respondent and Third-Party Plaintiff. HEARTWOOD INTERIORS, INC., Third-Party Defendant-Appellant-Respondent. [668 NYS2d 793] —Order unanimously affirmed without costs. Memorandum: Defendant, Faber Homes, Inc. (Faber), was the owner of a residential subdivision and acted as the general contractor for the construction of homes within that subdivision. Faber employed third-party defendant, Heartwood Interiors, Inc. (Heartwood), to install trimming inside each of the homes. Heartwood employees, including plaintiff, arrived at subdivision lot 511 at approximately 8:00 A.M. on February 17, 1993, to begin interior work on a residence. As he approached the entrance to unlock the front door, plaintiff allegedly slipped on an accumulation of ice and snow on the steel decking of the porch and fell, injuring his knee. He commenced this action, asserting causes of action for common-law negligence and a violation of sections 200 and 241 (6) of the Labor Law.

Supreme Court properly granted Heartwood's motion and Faber's cross motion for summary judgment dismissing the

common-law negligence and Labor Law § 200 causes of action. Heartwood and Faber established that Faber did not exercise supervision or control over the contractor's methods of work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Russin v Picciano & Son*, 54 NY2d 311, 316-317), and plaintiff failed to raise an issue of fact. Further, where the injury was sustained as the result of an actual dangerous condition at the worksite, rather than as a result of the contractor's methods, no liability attaches to the owner unless he had actual or constructive notice of the unsafe condition and a reasonable opportunity to remedy it (*see, Kelley v Weaver Corp.*, 237 AD2d 991; *Ortiz v Pena*, 227 AD2d 297; *McCague v Walsh Constr.*, 225 AD2d 530; *Mantovi v Nico Constr. Co.*, 217 AD2d 650, 651; *Seaman v Chance Co.*, 197 AD2d 612, 613, *appeal and lv dismissed* 83 NY2d 847). Heartwood and Faber established that Faber had no common-law duty to remove the dangerous condition allegedly giving rise to plaintiff's injury. It was uncontroverted that a snowstorm had commenced the previous day and was still in progress at the time of plaintiff's accident. Plaintiff acknowledged that it was snowing when he arrived at the worksite and attempted to enter the residence. Because the storm had not ceased, Faber had no common-law duty to remove the ice and snow (*see, Cerra v Perk Dev.*, 197 AD2d 851).

However, we agree with the court that, under Labor Law § 241 (6), Faber had a duty to remove ice and snow during construction, despite the existence of a storm in progress. Although Labor Law §§ 200 and 241 (6) incorporate common-law negligence principles, section 241 (6) is a "hybrid" provision "since it reiterates the general common-law standard of care and then contemplates the establishment of specific detailed rules through the Labor Commissioner's rule-making authority" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503). In effect, the rules set forth in the Industrial Code (12 NYCRR part 23) establish concrete standards and duties that, in some instances, supersede common-law principles. In this case, plaintiff alleges that Faber violated the concrete standard set forth in 12 NYCRR 23-1.7 (d) requiring the removal of ice and snow from a "floor, passageway, walkway, scaffold, platform or other elevated working surface". That subdivision includes no exception for storms in progress. Because construction often continues during stormy weather, as it did in this case, we conclude that the Commissioner did not intend for the so-called storm in progress rule to apply to 12 NYCRR 23-1.7 (d). We cannot presume that the Commissioner intended to absolve owners and general contractors who choose to continue

construction during inclement weather of their responsibility to remove ice and snow. Thus, 12 NYCRR 23-1.7 (d) imposes upon owners and general contractors a duty to remove ice and snow while construction is in progress. Because performance of that duty is measured by general negligence principles, liability is dependent upon whether the owner or general contractor had actual or constructive knowledge of the accumulation of ice or snow at the worksite and a reasonable opportunity to remedy the condition (*see, McCague v Walsh Constr., supra*, at 531). Factual issues exist whether Faber had constructive knowledge of the alleged ice and snow condition at the residence and a reasonable opportunity to address it.

We reject the contention of Heartwood and Faber that 12 NYCRR 23-1.7 (d) does not apply because it imposes a duty upon "[e]mployers", not owners or contractors (*see, Smith v Homart Dev. Co.*, 237 AD2d 77; *George v Huber Hunt & Nichols*, 242 AD2d 954; *Cafarella v Harrison Radiator Div.*, 237 AD2d 936; *Durfee v Eastman Kodak Co.*, 212 AD2d 971, *lv dismissed* 85 NY2d 968). Thus, the court properly denied the motion and cross motion for summary judgment on the Labor Law § 241 (6) cause of action. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.