**Ralph C. FEIGLES, Plaintiff,**

v.

**COSTAL LUMBER COMPANY, Defendant.**

No. 97–CV–6197L.

United States District Court, W.D. New York.

Dec. 17, 1998.

Robert L. Miller, Waverly, NY, for Ralph C. Feigles, plaintiff.

Michael E. Davis, Law Offices of Michael Donnelly, Pittsford, NY, for Costal Lumber Company, defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff Ralph Feigles ("plaintiff" or "Feigles") brought this action against defendant Costal Lumber Company[1] ("defendant" or "Coastal"), alleging common law negligence and a violation of New York Labor Law Section 200. Plaintiff asserts that on January 26, 1995, he slipped and fell on a patch of ice and snow on a dirt road owned by Coastal. Prior to the accident, plaintiff had been employed by LeFrois Builders ("LeFrois"), a subcontractor working on Coastal's property.

Pending before the Court is Coastal's motion for summary judgment. Coastal moves on the ground that plaintiff has failed to show, as a matter of law, that Coastal was

1. The caption of the complaint incorrectly refers to "Costal Lumber Company." Defendant has appeared in this action as "Coastal Lumber Company."

negligent. It maintains that it owed no duty to Feigles. It contends that in the absence of such a duty, it cannot be liable on plaintiff's negligence claim.

## The Legal Standards

### I. Summary Judgment—General Standards

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir.1994). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[2] On a motion for summary judgment, "a court's responsibility is to assess whether there are any factual issues to be tried." *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d at 167, *citing, Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). For the

reasons set forth herein, I find that there are no such factual issues.

### II. Negligence

Negligence is conduct that falls below the standard of care that would be exercised by a reasonably prudent person under similar circumstances. *Harper v. United States*, 949 F.Supp. 130, 132 (E.D.N.Y.1996). To make out a *prima facie* case of negligence, plaintiff must demonstrate that: (1) defendant owed plaintiff a duty to exercise reasonable care; (2) defendant breached that duty; and (3) plaintiff was injured as a result of defendant's breach. *Id.*

■ Under New York law[3], a landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976); *Fleischer v. Melmarkets, Inc.*, 174 A.D.2d 647, 648, 571 N.Y.S.2d 509 (2nd Dep't 1991). In order to establish that defendant breached that duty, plaintiff must prove: (1) that a dangerous condition existed; and (2) that defendant either created the dangerous condition or that it had actual or constructive notice of its existence. *Dapp v. Larson*, 240 A.D.2d 918, 919, 659 N.Y.S.2d 130 (3rd Dep't 1997); *Kuchman v. Olympia & York, USA, Inc.*, 238 A.D.2d 381, 381, 656 N.Y.S.2d 323 (2nd Dep't 1997); *Leary v. North Shore Univ. Hosp.*, 218 A.D.2d 686, 687, 630 N.Y.S.2d 554 (2nd Dep't 1995).

N.Y. Labor Law § 200(1) provides, in relevant part, that:

All places to which this chapter applies shall be so constructed, equipped, ar-

**2.** Plaintiff has not filed any statement of material facts as to which he contends there is a genuine issue. Therefore, plaintiff has violated this Court's Local Rule 56, which mandates: "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." In the absence of such a statement, the rule further provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted."

While, in light of the facts set forth in Coastal's Local Rule 56 statement, defendant's motion may be granted on this basis alone, this Court has carefully reviewed all arguments presented in the light most favorable to plaintiff.

**3.** This is a diversity action. It is undisputed that New York law will apply to the substantive issues raised. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

ranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places.

Section 200 of the New York Labor Law codifies the common law duty to provide a safe working environment. *Foster v. Spevack*, 198 A.D.2d 892, 893, 605 N.Y.S.2d 706 (4th Dep't 1993). *See also Lombardi v. Stout*, 178 A.D.2d 208, 577 N.Y.S.2d 592 (1st Dep't), *aff'd*, 80 N.Y.2d 290, 590 N.Y.S.2d 55, 604 N.E.2d 117 (1992).

### Analysis

■ Although granting summary judgment for a party in a negligence action is often inappropriate, there are cases where there are no material issues of fact and judgment should be entered for the defendant. *See INA Aviation Corp. v. United States*, 468 F.Supp. 695, 699 (E.D.N.Y.), *aff'd*, 610 F.2d 806 (2d Cir.1979). *See also Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1456 (6th Cir.), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984). Summary judgment is appropriate in negligence actions if reasonable jurors could draw only one inference from the undisputed facts. *Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir.1984), *citing Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970).

### Notice

■ In New York, "where [an] injury [is] sustained as the result of an actual dangerous condition at the worksite, rather than as a result of the contractor's methods, no liability attaches to the owner unless he had actual or constructive notice of the unsafe condition and a reasonable opportunity to remedy it." *Rothschild v. Faber Homes, Inc.*, 247 A.D.2d 889, 668 N.Y.S.2d 793 (4th Dep't 1998).

Plaintiff conceded in his deposition that he did not complain of any unsafe or slippery condition to any Coastal employee or anyone else, and does not know if anyone from Le-Frois complained. (Plaintiff's deposition, p. 42). Plaintiff further admitted in his supplemental interrogatory responses: "It is not known who informed the defendant of the condition prior to the accident or for how long the condition existed before the accident."

Not only did plaintiff fail to give notice of the allegedly dangerous condition, but apparently no one else did either. There is no evidence whatsoever that the defendant received any notice from any third party or from any of its own employees of the condition about which plaintiff now complains. (*See* Defendant's Statement of Material Facts, ¶¶ 5–6).

Plaintiff's general assertion that defendant had "knowledge of the dangers of snow and ice" does not satisfy the notice requirement, and is insufficient to raise a material question of fact. *See, e.g., Piacquadio v. Recine Realty Corp.*, 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 646 N.E.2d 795 (1994) ("a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall . . .").

It has been held that a patch of ice does not give rise to constructive notice, because "[c]onstructive notice 'requires a showing that the [condition] was visible and apparent and existed for a sufficient period of time prior to the accident to permit [defendants] to discover and remedy it.'" *Gernard v. Agosti*, 228 A.D.2d 994, 644 N.Y.S.2d 599 (3rd Dep't 1996) (citation omitted). *See also Simmons v. Metropolitan Life Ins. Co.*, 84 N.Y.2d 972, 622 N.Y.S.2d 496, 646 N.E.2d 798 (1994) (affirming dismissal of complaint because, *inter alia*, although plaintiffs presented evidence that icy patches had been noticed, "no testimony was introduced that defendant was notified of these icy conditions").

Defendant, as owner of the property, is not a guarantor of the safety of those who traverse or occupy the premises. Since plaintiff has clearly failed to come forth with proof, in admissible form, that Coastal had actual or constructive notice of the slippery condition, summary judgment is warranted for defendant Coastal.

### "Snow in Progress" Rule

Because of the weather conditions that existed just prior to and at the time of plain-

tiff's fall, there is a further reason for granting judgment in Coastal's favor.

■ It has long been the rule in New York that "a landowner has no responsibility for snow and ice removal while a storm is in progress." *Cerra v. Perk Development*, 197 A.D.2d 851, 851, 602 N.Y.S.2d 277 (4th Dep't 1993). *See, e.g., Rothrock v. Cottom*, 115 A.D.2d 242, 495 N.Y.S.2d 857 (4th Dep't 1985) ("[i]t is well settled that 'responsibility for ice conditions arises, at the most, only after the lapse of a reasonable time for taking protective measures and never while a storm is in progress' "), *quoting Valentine v. City of New York*, 86 A.D.2d 381, 449 N.Y.S.2d 991 (1st Dep't), *aff'd*, 57 N.Y.2d 932, 457 N.Y.S.2d 240, 443 N.E.2d 488 (1982); *Rothschild v. Faber Homes, Inc.*, 247 A.D.2d 889, 668 N.Y.S.2d 793 (4th Dep't 1998) (affirming trial court's decision to grant summary judgment to defendant on plaintiff's common law negligence and Labor Law § 200 claims because, *inter alia*, duty to remove snow and ice does not commence until after storm ends); *Fusco v. Stewart's Ice Cream*, 203 A.D.2d 667, 610 N.Y.S.2d 642 (3rd Dep't 1994) (affirming summary judgment in defendant's favor because duty to clear sidewalk does not commence until a reasonable time after storm ends).[4]

Defendant has submitted evidence on the motion that there was in fact a storm in progress just prior to and at the time of the incident in question. Plaintiff has submitted testimony from a meteorologist in a report dated November 24, 1998, and by affidavit of November 25, 1998. The meteorologist, William Sherman, states that based on his review of the data, there was approximately two inches of snow and ice on the ground at the location of the incident, and that the accumulation on that day, January 26, 1995, was "primarily the result of an ongoing event which began about 1:00 p.m. on January 25, 1995 [the day prior to the accident] when light snow [began and] continued to fall throughout the day on January 26, 1995" in Cayuta, New York.[5] (Affidavit of W. Sherman, ¶ 7). Although plaintiff questions the accuracy of defendant's expert's reports in part due to the multiple submissions by the expert, plaintiff himself does not dispute the fact that some snow fell on both January 25th and January 26th, the day of the accident, and that approximately one inch fell on January 26th. (November 20, 1998 Affidavit of Robert Miller, ¶ 8, and Exhibit B).

Because the snow commenced well before and continued until after the accident, under well-established New York law, defendant owed no duty to plaintiff to clear the snow prior to plaintiff's accident on the morning of January 26th. Therefore, not only did defendant lack notice of the dangerous condition, but it also owed no duty to plaintiff under the storm-in-progress rule in New York which excuses the landowner from maintenance obligations during a storm. Therefore, summary judgment should be entered in favor of Coastal on this ground as well.

*Control & Supervision of Site*

■ Under section 200, "recovery against the owner ... cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation." *Ross v. Curtis–Palmer*, 81 N.Y.2d 494, 505, 601 N.Y.S.2d 49, 618 N.E.2d 82 (1993); *Abbud v. City of New York*, 1997 WL 633463, 96 CIV 521 (S.D.N.Y.), *aff'd, on other grds.*, 1998 WL 433012 (2d Cir.1998). *See*

4. There is a logical rationale for this rule. As articulated by the Rhode Island Supreme Court and recently restated by the United States District Court for the District of Rhode Island, "[a] landlord is not required to be at his property, shovel in hand, catching the [snow]flakes before they hit the ground." *Munsill v. United States*, 14 F.Supp.2d 214, 220 (D.R.I.1998), *quoting Barenbaum v. Richardson*, 114 R.I. 87, 328 A.2d 731, 734 (1974).

5. Defendant's expert, Sherman, had submitted an earlier report dated April 24, 1998, and an affidavit of October 21, 1998, indicating similar meteorological data but for a different location, *Cayuga*, New York, not *Cayuta* where the accident occurred. This confusion in defendant's expert's report was raised, belatedly, after argument on the motion, although the Court's prior scheduling order directed that all papers responding to defendant's motion were to be filed by November 13, 1998, well before the date for argument. In spite of this confusion, it does not appear that the substance of the report differs significantly concerning the fact that there was an ongoing snow storm, albeit a modest one, on the day in question.

*also Foster v. David J. Joseph Co.,* 216 A.D.2d 944, 629 N.Y.S.2d 149 (4th Dep't 1995) (affirming dismissal of § 200 claim because "defendant did not exercise supervision or control over the manner or method of plaintiff's work").

"[T]he phrase 'direct or control' contemplates the situation in which the owner supervises the method and manner of the work, can order changes in the specifications, reviews the progress and details of the job with the general contractor and/or provides the equipment necessary to perform the work." *Rimoldi v. Schanzer,* 147 A.D.2d 541, 545, 537 N.Y.S.2d 839 (2nd Dep't 1989) (referring to New York Labor Law §§ 240(1) and 241(6)).

The undisputed facts show that Coastal did not control Feigles' work. Moreover, Feigles, with the approval of his superiors at LeFrois, decided when, where, and how he would traverse Coastal's grounds. Plaintiff admits that he had not met any Coastal employees, and that his supervisor and foreman, Jack Burnett, another employee of LeFrois, "oversaw everything." (Plaintiff's deposition, pp. 8–9, 16). There is no evidence that any Coastal employee was even present when the accident occurred. All activities of plaintiff and the other employees were supervised and directed by plaintiff's employer, LeFrois, or the general contractor. There is no evidence that Coastal had any control over the work in progress or the manner in which the employees traversed the site or performed other activities there.

That plaintiff fell while he was away from the immediate construction work but still walking on Coastal's property does not alter the result. *See Garland v. Zelasko Construction, Inc.,* 241 A.D.2d 953, 661 N.Y.S.2d 331 (4th Dep't 1997) (granting summary judgment dismissing plaintiff's § 200 claim because defendant general contractor did not exercise the requisite supervision or control over plaintiff's work, notwithstanding fact that plaintiff fell on a patch of ice as he walked beside a truck parked near a lot on which a home was being built). Judgment is warranted for defendant on this ground as well.

*Dangers That are Readily Observable*

Section 200 of the Labor Law "does not extend to situations where 'the danger at issue is readily observable, bearing in mind the age, intelligence and experience of the worker' " *Doyne v. Barry, Bette & Led Duke, Inc.,* 246 A.D.2d 756, 668 N.Y.S.2d 58 (3rd Dep't 1998) (citation omitted) (finding that melted frost was a readily observable danger). *See also Cottone v. Dormitory Authority,* 225 A.D.2d 1032, 639 N.Y.S.2d 631 (4th Dep't 1996) (finding that trial court erred in denying defendant's motion to dismiss § 200 claim because, *inter alia,* defendant "had no duty to protect against readily observable conditions").

Plaintiff admits that there was snow on the ground and that it was cold and "icy", and that prior to that it had rained. (Plaintiff's deposition, pp. 11–12, 14–15, 42). The risks associated with walking in snow and ice were readily observable by the reasonable use of the senses, and they were risks which Feigles appreciated. *See Ramski v. Zappia Enterprises, Inc.,* 229 A.D.2d 990, 645 N.Y.S.2d 364 (4th Dep't 1996) (affirming trial court's decision granting summary judgment and dismissing plaintiff's § 200 claim against property owner and general contractor because, *inter alia,* "an ice patch at a construction site" is a "condition that may be readily observed," and "defendants had no duty to protect plaintiff against [such] a condition"); *see also Hill v. Corning, Inc.,* 237 A.D.2d 881, 654 N.Y.S.2d 524 (4th Dep't), *appeal dismissed in part on other grds, appeal denied in part,* 90 N.Y.2d 884, 661 N.Y.S.2d 826, 684 N.E.2d 275 (1997) (ruling that plaintiff, injured from fall on snow and ice as he walked from truck to job site, could not survive defendants' summary judgment motion on plaintiff's § 200 claim, because slippery conditions were apparent). This is not a situation where the condition at issue was hidden or not readily observable. Based on the conceded evidence here it is apparent that the slippery conditions were readily observable and anticipated. It certainly is not remarkable that a construction worker working at an outdoor site in the winter on days while it is snowing and cold might expect the footing to be slippery.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. The Court bases its decision on each of the alternative grounds discussed in the decision and believes that judgment is warranted for the defendant based on each of the theories discussed.

Defendant's motion for summary judgment (Dkt.# 9) is granted, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.