Richard GORECKI, Plaintiff–Appellee,

Barbara Gorecki, Plaintiff,

v.

PAINTED PONY CHAMPIONSHIP RODEO, INC., Defendant–Third–Party–Plaintiff–Appellant,

John F. McCue, Defendant,

John F. Lloyd, individually and doing business as Lloyd's Sound Systems, Third–Party–Defendant.

No. 00–7852.

United States Court of Appeals, Second Circuit.

April 25, 2001.

Paul J. Catone, Albany, NY, for appellant.

David K. Five son, Butler, Fitzgerald & Potter New York, NY, for appellee.

Present MESKILL, PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant, Painted Pony Championship Rodeo ("Painted Pony"), appeals from an April 6, 2000 judgment entered in the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) in favor of plaintiff-appellee, Richard Gorecki ("Gorecki") in the amount of $147,700. Appellant seeks a new trial based on what it argues were faulty jury instructions.

This case arises out of Gorecki's fall on the bleachers located on Painted Pony's property in Lake Luzerne, New York. Gorecki was attending a rodeo and concert on the defendant's property during the evening of July 30, 1994 when he fell and injured his knee. The issues on appeal are whether or not the district court (1) properly instructed the jury on the issue of premises liability and (2) included the proper questions in its special verdict form. Painted Pony claims that Judge

Hurd erred because he did not require the jury to determine whether the defendant and/or its subcontractor were negligent in creating or allowing the unsafe condition that caused Gorecki's injury. The jury instructions and the special verdict form only required the jury to find that there existed an unreasonably unsafe condition on Painted Pony's property and that the unsafe condition was a substantial factor in causing Gorecki's injury.

 "Challenged jury instructions are reviewed de novo, but this Court will reverse only if all of the instructions, taken as a whole, caused the defendant prejudice. *See United States v. Bok*, 156 F.3d 157, 160 (2d Cir.1998); *see also Thornley v. Penton Publ'g, Inc.*, 104 F.3d 26 (2d Cir.1997) (holding that to grant a new trial the error must be more than harmless)." *Hester v. BIC Corp.*, 225 F.3d 178, 186 (2d Cir.2000). As for the district court's special verdict questions, "[t]he formulation of special verdict questions rests in the sound discretion of the trial judge, and should be reviewed by an appellate court only for an abuse of discretion. Reversal is warranted if the questions mislead or confuse the jury, or if they inaccurately frame the issues to be resolved by the jury." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 465 (2d Cir.1996).

 New York law indicates that a landowner has a nondelegable duty to keep its premises reasonably safe under the circumstances. *See Salisbury v. Wal–Mart Stores, Inc.*, 255 A.D.2d 95, 97, 690 N.Y.S.2d 156, 157 (3d Dep't 1999), *Gallagher v. St. Raymond's Roman Catholic Church*, 21 N.Y.2d 554, 557, 289 N.Y.S.2d 401, 402–03, 236 N.E.2d 632, 633 (1968). "New York law holds that a landowner must exercise reasonable care to maintain its premises in a safe condition in view of the circumstances, accounting for the possibility of injury to others, the seriousness of such injury, and the burden of avoiding such risk." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 117 (2d Cir.2000) (citing *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976)). Aside from the final step of proving causation, a plaintiff must prove that the defendant breached its duty to the plaintiff. To do so, the plaintiff "must prove: (1) that a dangerous condition existed and (2) that defendant either created the dangerous condition or that it had actual or constructive notice of its existence." *Feigles v. Costal Lumber Co.*, 32 F.Supp.2d 109, 111 (W.D.N.Y.1998) (citing *Dapp v. Larson*, 240 A.D.2d 918, 919, 659 N.Y.S.2d 130 (3d Dep't 1997), *Kuchman v. Olympia & York USA, Inc.*, 238 A.D.2d 381, 381, 656 N.Y.S.2d 323 (2d Dep't 1997)). In sum, an action for negligence will be successful if a there is an unreasonably unsafe condition on the defendant's property that the defendant knows or should have known about, and this unreasonably unsafe condition causes a foreseeable plaintiff's injuries.

 In the case before the bar, the parties have agreed that Gorecki was a foreseeable plaintiff. In addition, Painted Pony had notice of the condition of its bleachers because it hired the contractors to build the bleachers. Therefore, the remaining inquiries are whether the condition on Painted Pony's property was unreasonably unsafe and whether this condition was a substantial factor in Gorecki's injury. These remaining inquiries were exactly what Judge Hurd included in his jury instructions. Therefore, Judge Hurd's jury instructions did not misrepresent the law and are not grounds for a new trial. Because the questions included in the special verdict form are consistent with the jury instructions presented by Judge Hurd, the above analysis is equally applicable to

106

Painted Pony's challenge to the interrogatories in the special verdict form. Because neither the jury instructions nor the special verdict form misrepresent the law, Painted Pony's arguments on appeal are rejected.

For the reasons set forth above, the judgment of the district court is AFFIRMED.