■ Luis Valencia, Appellant, v Anita Calero, Respondent, et al., Defendant. [773 NYS2d 295]—

Order of the Appellate Term of the Supreme Court, First Department, entered February 20, 2003, which, in this personal injury action alleging Labor Law violations, reversed so much of an order of the Civil Court, New York County (Donna Recant, J.), entered May 7, 2002, as denied defendant Anita Calero's cross motion for summary judgment dismissing the complaint, and granted said cross motion and dismissed the complaint as against her, unanimously affirmed, without costs.

Appellate Term correctly concluded that Calero's entitlement to the exemption from liability set forth in Labor Law § 240 (1) for owners of one-family dwellings who do not direct or control the injury-producing work had been established as a matter of law. That Calero picked out the type and color of paint, indicated to plaintiff the areas that needed painting and purchased roll-

ers, brushes and paint pans, does not demonstrate that Calero controlled or directed plaintiff in the method and manner of his painting work (*see Pesa v Ginsberg,* 186 AD2d 521 [1992]).

Although Calero used her one-family apartment for business as well as residential purposes, her entitlement to the statutory exemption was not impaired by the dual use since the painting work done by plaintiff was directly related to the apartment's residential use (*see Bartoo v Buell,* 87 NY2d 362, 368 [1996]; *Cannon v Putnam,* 76 NY2d 644, 650 [1990]; *Muniz v Church of Our Lady of Mt. Carmel,* 238 AD2d 101, 102 [1997], *lv denied* 90 NY2d 804 [1997]). Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.