■ NADELL GRAYES, Appellant, v ANTHONY DiSTASIO et al., Respondents.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered July 7, 1989, which denied plaintiff's motion for summary judgment, pursuant to CPLR 3212, on the first cause of action of the amended complaint upon the ground that there are no triable issues of fact, unanimously modified, on the law, to the extent of granting plaintiff's motion as to liability and otherwise affirmed, without costs.

On October 11, 1984, in a candy store which he operated, the defendant Anthony DiStasio shot plaintiff Nadell Grayes using an unlicensed weapon. The incident occurred when Grayes became involved in an altercation with DiStasio.

Plaintiff commenced an action against defendants alleging, *inter alia,* negligence and intentional tort. The first cause of action of the amended complaint alleges that DiStasio acted

negligently in discharging a firearm thereby causing severe and permanent physical injury to Grayes.

On February 22, 1985 DiStasio was indicted by a Bronx County Grand Jury for assault in the first degree. On September 5, 1985, in Supreme Court, Bronx County (Howard Goldfluss, J.), DiStasio was convicted by plea of guilty to assault in the second degree (Penal Law § 120.05 [4]) in satisfaction of the indictment, receiving a sentence of five years' probation and $10,000 in fines.

During the plea allocution on June 12, 1985, both the prosecutor and the court placed on the record the facts surrounding the shooting. The 59-year-old DiStasio indicated that he had consulted with counsel, that his plea of guilty was being voluntarily made, and that he understood that by his plea of guilty he waived his right to a trial, to testify in his own behalf and to call and cross-examine witnesses. The court then asked DiStasio:

"THE COURT: You pled guilty to Assault Second Degree that on or about the 11th day of October, 1984, in the County of Bronx, [that] under circumstances evincing a depraved indifference to human life you recklessly engaged in conduct that created grave risk of death to Nadell Graves [sic] causing serious physical injury. * * *

"THE COURT: All right. You heard what I have said?

"THE DEFENDANT: Yes.

"THE COURT: Are you guilty of that charge?

"THE DEFENDANT: Yes, your Honor."

Thereafter, by motion returnable March 17, 1989, Grayes moved for summary judgment (CPLR 3212) on the first cause of action, urging that by virtue of his plea of guilty to assault in the second degree (Penal Law § 120.05 [4]), DiStasio is estopped from relitigating the facts upon which the conviction rests, to wit, that he recklessly engaged in conduct causing serious physical injury to plaintiff by means of a firearm. In support of the motion plaintiff submitted, *inter alia,* a certified transcript of the defendant's June 12, 1985 plea allocution and a certificate of conviction.

The motion court denied summary judgment, concluding that DiStasio's claim of self-defense in the civil action raised triable issues of fact. We modify by granting summary judgment as to liability for plaintiff on the first cause of action of the amended complaint.

A criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil

action and collaterally estops a party from relitigating the issue. *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305 [1973]; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, 502 [2d Dept 1984].) All that is required to give collateral estoppel effect to a criminal conviction is that there be an identity of issues in the criminal and subsequent civil actions and that the defendant have had a full and fair opportunity to contest the issues raised in the criminal proceedings. *(Gilberg v Barbieri,* 53 NY2d 285, 291 [1981]; *Behr v Division of Hous. & Community Renewal,* 158 AD2d 411 [1st Dept 1990].)

Both the criminal and civil proceedings arise out of the shooting incident of October 11, 1984. The issue resolved in the criminal proceeding, whether defendant recklessly caused serious physical injury to Grayes by means of a deadly weapon or dangerous instrument, of necessity includes a finding of negligence. *(See,* Penal Law § 15.05 [3]; PJI 2:10, 2:12; *Gerney v Tishman Constr. Corp.,* 136 Misc 2d 1051 [Sup Ct, NY County 1987].)

DiStasio was represented by counsel who successfully negotiated the plea to a reduced count of the indictment and to a sentence of no jail time. Defendant knowingly and willingly waived his right to trial and to confront witnesses against him, and the affirmative defense of provocation and self-defense was of necessity resolved against him by virtue of his plea. Finally, the plea was made during the pendency of the civil action and, therefore, it was foreseeable that the plea would have a collateral estoppel effect in the civil action. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Smith, JJ.