■ MICHAEL CIRAOLO, Respondent, v MELVILLE COURT ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. AUGIWICZ EXCAVATING CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [634 NYS2d 205] —In an action to recover damages for personal injuries, the defendants second third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered May 27, 1994, as denied the branches of their motion which were for summary judgment dismissing the plaintiff's causes of action under Labor Law §§ 240 and 241, and the first and second third-party defendant Augiwicz Excavating Corp. separately appeals from so much of the same order as denied the above requested relief.

Ordered that the order is affirmed, with costs payable by the appellants appearing separately and filing separate briefs.

Because the third-party defendant Augiwicz Excavating Corp. (hereinafter Augiwicz) joined in the motion for summary judgment, *inter alia,* dismissing the plaintiff's causes of action under Labor Law §§ 240, 241, it was aggrieved by the denial of that relief, and can properly appeal from the order *(see,* CPLR

5511; *Voorhees v Babcock & Wilcox Corp.,* 150 AD2d 677). In any event, as conceded by the plaintiff, the issue of whether Augiwicz can appeal is largely academic in view of the fact that the appeal of the defendants second third-party plaintiffs raises the same issues.

The Supreme Court did not err in denying that branch of the motion which was to dismiss the Labor Law § 240 cause of action, as the evidence indicates that the plaintiff was injured as a result of a gravity-related risk *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). The fact that the ladder from which the plaintiff fell was permanently installed, rather than a temporary apparatus, is irrelevant *(see, Richardson v Matarese,* 206 AD2d 353). The argument that the accident did not occur at the actual worksite but while the plaintiff was gaining access to the worksite, and therefore the accident did not occur in an area afforded the protections of Labor Law § 240, is equally without merit. It cannot be said on this record that the ladder was not part of the worksite. In any event, the Court of Appeals has noted that the safety devices enumerated under section 240 "are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk" *(Rocovich v Consolidated Edison Co., supra,* at 514).

As for the plaintiff's causes of action under Labor Law § 241 (6), the plaintiff's allegation of a violation of at least one provision of the Industrial Code (12 NYCRR 23-1.7 [d]) which requires "compliance with concrete specifications" *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505) allows this cause of action to withstand a motion for summary judgment *(see, Durfee v Eastman Kodak Co.,* 212 AD2d 971; *Hammond v International Paper Co.,* 178 AD2d 798). However, we note that alleged violations of Occupational Safety and Health Administration regulations do not support a Labor Law § 241 (6) cause of action *(see, Vernieri v Empire Realty Co.,* 219 AD2d 593).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, Altman and Florio, JJ., concur.