■ BRUCE FOX et al., Respondents, v WESTCHESTER RESCO, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. THOMAS O'CONNOR & CO., INC., Third-Party Defendant-Appellant-Respondent. [644 NYS2d 998] —In an action to recover damages for personal injuries, etc., the third-party defendant, Thomas O'Connor & Co., Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 5, 1994, as denied the branches of its motion which were for summary judgment dismissing all causes of action based upon violations of Labor Law §§ 200 and 241 (6), and granted the plaintiffs' cross motion to supplement the bill of particulars to the extent of granting the plaintiffs leave to allege a violation of 12 NYCRR 23-1.7 (d), and (2) so much of an interlocutory judgment of the same court, dated June 21, 1995, as, upon a jury verdict which found that the defendant third-party plaintiff

Westchester Resco Company, L.P., sued here as Westchester Resco, was 90% at fault in the happening of the accident, and which, in the third-party action, apportioned 40% of the fault for the accident to the defendant third-party plaintiff, Westchester Resco, and 60% of the fault to the third-party defendant, Thomas O'Connor & Co., Inc., awarded judgment on the third-party complaint on the issue of liability to the third-party plaintiff, Westchester Resco, against the third-party defendant, Thomas O'Connor & Co., Inc. Westchester Resco Company, L.P., sued here as Westchester Resco, cross-appeals (1) as limited by its brief, from so much of an order of the same court, also dated December 5, 1994, as denied the branches of its motion which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 200 and 241 (6), and (2) from so much of the order of the same court, dated December 5, 1994, as granted the plaintiffs' cross motion to supplement the bill of particulars.

Ordered that the appeal and cross appeals from the orders are dismissed; and it is further,

Ordered that the interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs-respondents are awarded one bill of costs payable by the appellant-respondent and the respondent-appellant.

The appeals and cross appeals from the intermediate orders must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of the interlocutory judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the interlocutory judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly denied summary judgment in favor of the plaintiff Bruce Fox's employer, Thomas O'Connor & Co., Inc. (hereinafter O'Connor), dismissing the plaintiffs' Labor Law § 200 cause of action, since there were questions of fact regarding the extent to which the allegedly dangerous conditions at the plant resulted from the owner's operations or from the employer's work methods (see, Kinsler v Lu-Four Assocs., 215 AD2d 631; Maher v Atlas Tr. Mix Corp., 104 AD2d 591).

The Supreme Court also correctly concluded that a violation of 12 NYCRR 23-1.7 (d) was sufficient to support a cause of action under Labor Law § 241 (6) (see, Ciraolo v Melville Ct. Assocs., 221 AD2d 582; Durfee v Eastman Kodak Co., 212 AD2d 971, 972). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.