OPINION OF THE COURT
Louis C. Benza, J.
The defendant moves for summary judgment dismissing both claims.
Both claims relate to injuries suffered by claimant, while incarcerated at Napanoch Correctional Facility, as a result of an attack by another inmate on the night of December 23, 1989. Claim No. 82201 seeks compensation for the injuries claimant suffered in the assault itself. The State’s liability is premised on its alleged negligence in failing to provide proper supervision of the inmates. Claim No. 85853 alleges that claimant suffered additional injury when the State failed to provide claimant with proper and appropriate medical care following the attack.
The State’s motion, dated January 2, 1997, was served upon claimant’s counsel on January 3, 1997 and was filed with the clerk of the court on January 7, 1997.
CPLR 3212 (a) as amended by chapter 492 of the Laws of 1996 became effective January 1, 1997 and provides that a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.”
The first issue for the court’s determination is whether CPLR 3212 (a) as amended is applicable to all summary judgment motions made after January 1, 1997.
Chapter 492 of the Laws of 1996 is a procedural statute, not a statute affecting a substantive right of a party. These types of statutes are usually remedial in nature and, therefore, *868 should be given retroactive effect (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]). However, when it is said that procedural statutes are generally retroactive, what is really meant is that they apply to pending proceedings and, even with respect to such proceedings, they only affect procedural steps taken after their enactment (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 55; Charbonneau v State of New York, 148 Misc 2d 891, affd 178 AD2d 815, affd sub nom. Dreger v New York State Thruway Auth., 81 NY2d 721; Simonson v International Bank, 14 NY2d 281; Lazarus v Metropolitan EL Ry. Co., 145 NY 581; People ex rel. Central New England Ry. Co. v State Tax Commn., 261 App Div 416). Here, the statute became effective January 1, 1997 and the State’s motion was filed January 7, 1997. Procedure in an action is governed by the law regulating it at the time the question of procedure arises (Matter of Camperlengo v Barell, 78 NY2d 674, 680; Matter of Clayton v Clement, 33 NY2d 386, 390). Thus, we find that CPLR 3212 (a) as amended by chapter 492 of the Laws of 1996 is applicable to a summary judgment motion filed after the effective date of the statute.
Claim No. 82201 was filed in January 1991 and Claim No. 85853 was filed in August 1992. On October 31,1995 claimant’s counsel wrote to the court indicating that claimant had completed discovery, was prepared to go to trial and would file a note of issue unless he heard otherwise from the court or from State’s counsel. In response, State’s counsel, by letter dated November 3,1995, advised the court that having recently been assigned to defend the claims, he needed time to review the files. Claimant did not file a note of issue and, six months later, on May 3, 1996, the court advised the parties that the trial of the claims would commence on February 24, 1997.
 While no note of issue was filed in connection with either claim, such filing was inferentially waived by the court when a trial date was established. Neither party objected to the trial date, nor did they advise the court that the claims were not ready for trial. Thus, we consider the court’s letter of May 3, 1996 setting the trial date to equate to the date of filing of the notes of issue. Therefore, since this motion was made more than 120 days after the filing of the notes of issue, we hereby deny the State’s motion as untimely pursuant to CPLR 3212 (a).
As noted by Professor David D. Siegel, this statute addresses complaints about unreasonably delayed motions for summary judgment, especially those made on the eve of trial (Siegel, *869 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1997 Pocket Part, at 48). The date of trial of these actions was established by the court eight months prior to the filing of this motion; the return date of the motion preceded the trial date by only seven weeks. CPLR 3212 (a) as amended was enacted to prevent motions such as the one herein. By . denying the State’s motion, we are not depriving the State of any substantive right as the State can move at the close of claimant’s case at trial to dismiss the claims for failure to prove a prima facie case.
Therefore, based upon the foregoing, the State’s motion is denied.