OPINION OF THE COURT
Louis B. York, J.
In this summary judgment motion, defendant Evan R. Lazaron (Lazarou) seeks to have plaintiffs’ complaint and all cross claims asserted against him dismissed. For the reasons set forth below, Lazarou’s summary judgment motion is granted.
BACKGROUND
Danny DeJesus was injured on July 11, 1992 while aiding New York City Transit Authority police officers in securing the arrest of defendant Mohammed M. Hossain (Hossain). The incident occurred when DeJesus stopped his vehicle at a red light at the intersection of Amsterdam Avenue and 86th Street. Anthony Adorno, a Transit Authority police officer (Adorno), was a passenger in DeJesus’ vehicle. Christopher Castro, also a Transit Authority police officer (Castro), pulled up his vehicle and began conversing with DeJesus and Adorno. While they were talking, a taxicab operated by Hossain and owned by Lazarou pulled up beside DeJesus’ vehicle. Hossain looked over at DeJesus and shouted obscenities. DeJesus then asked Hossain what was his problem and told him to shut up. In response, Hossain pulled forward into the intersection, reversed the cab, crashed into DeJesus’ vehicle and sped away.
DeJesus followed Hossain and, at some point during the chase, Adorno identified himself as a Transit Authority police officer. Hossain continued driving the cab down Central Park West towards 87th Street. DeJesus pulled the cab over to the side of the road. When DeJesus exited his vehicle and walked toward Hossain, Hossain struck DeJesus with the cab. Eyewitnesses state that Hossain drove the cab about approximately *920 10 to 20 feet while DeJesus was pinned under the vehicle and then left the cab. As a result of this incident, Danny DeJesus suffered and sustained serious injuries.
Castro pursued Hossain on foot, finally overtook him and placed him under arrest. On March 12, 1993, Hossain was tried and convicted of two counts of assault in the first degree, reckless endangerment in the first degree and leaving the scene of an accident.
On or about December 4, 1992, plaintiffs Danny DeJesus and Martha DeJesus commenced their legal action.[1] 2This motion for summary judgment pertains to the third cause of action alleged by DeJesus against Hossain and Lazarou. DeJesus argues that Hossain negligently caused, allowed and permitted the vehicle to strike him and thereby cause him to suffer permanent and disabling injuries. Therefore, DeJesus asserts, Lazarou is vicariously liable for Hossain’s negligence pursuant to Vehicle and Traffic Law § 388, which states that an owner of the a vehicle is liable for the negligence of one who uses or operates the vehicle with owner’s express or implied permission.
DISCUSSION
A. Timeliness under CPLR 3212 (a)
Initially, this court must first determine whether Lazarou’s summary judgment motion is timely pursuant to CPLR 3212 (a) as amended. This provision "sets new parameters for the time in which parties may seek summary judgment”. (Tananbaum v Huntington Hosp., NYLJ, June 2, 1997, at 34, col 3 [Sup Ct, Suffolk County].) Under CPLR former 3212 (a), a summary judgment motion could be made at any time in the action after issue was joined. The amended statute, effective January 1, 1997, requires that a motion for summary judgment "be made no later than one hundred twenty days[2] after the filing of the note of issue, except with leave of court on good cause shown.” (CPLR 3212 [a] [as amended by L 1996, ch 492].)
Courts are divided on the issue of how to apply the amendment to cases in which the note of issue was filed prior to the *921 statute’s effective date. One Nassau County Supreme Court Justice has applied the amended CPLR 3212 (a) prospectively because, after reading the statute, she concluded that the Legislature did not intend for the provision to have a retroactive application. (See, Carlstrand v Kerwin, NYLJ, Mar. 12, 1997, at 31, col 3 [Sup Ct, Nassau County].) Two other courts have reached the opposite conclusion. These courts held that chapter 492 of the Laws of 1996 was a procedural statute which does not affect a substantive right of a party — and that, accordingly, it should be given retroactive effect. (See, Auger v State of New York, 171 Misc 2d 866 [1997]; Citibank v Olson, NYLJ, June 18, 1997, at 32, col 3 [Sup Ct, Richmond County].) In Tananbaum v Huntington Hosp. (NYLJ, June 2, 1997, at 34, col 3, supra), the Supreme Court in Suffolk County held that the 120-day period began to run from the statute’s effective date of January 1, 1997 in all actions in which the note of issue was filed before January 1, 1997. Most recently, a Supreme Court Justice in this county followed Tananbaum. (See, Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, col 1 [Sup Ct, NY County] [stating Tananbaum best effectuates Legislature’s intent].)
This court agrees with the approach adopted by the courts in Tananbaum (supra) and Moreno (supra). Therefore, I hold that, for all summary judgment motions brought after January 1, 1997 in which the notes of issue were filed prior to this effective date, the 120-day period runs from January 1, 1997. A prospective application undermines the statute’s direct purpose of eliminating motions made on the eve of trial. (Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, col 1 [Sup Ct, NY County], supra.) On the other hand, a retroactive application yields inequitable results as final outcomes are affected. The Tananbaum and Moreno applications eliminate the "long resented * * * practice of many lawyers seeking to delay trials by filing last minute motions for summary judgment” while still preventing the inequitable results of retroactively applying the statute. (Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, cols 1, 2 [Sup Ct, NY County], supra.) In addition, parties are not prejudiced "as [the statute] applies to all parties equally and allows the court to waive the requirements for good cause.” (Citibank v Olson, NYLJ, June 18, 1997, at 32, cols 3, 5 [Sup Ct, Richmond County], supra [regarding retroactive application].)
In this action, DeJesus filed the note of issue on November 16, 1995. He thus had 120 days from January 1, 1997 to file his summary judgment motion — until April 30, 1997. Lazarou filed *922 the motion with this court on March 4, 1997, with a March 13, 1997 return date. Therefore, Lazarou’s motion is timely under CPLR 3212 (a) because the 120-day period from January 1, 1997 had not expired.
B. The Summary Judgment Motion
DeJesus’ legal claim against Lazarou is based on Vehicle and Traffic Law § 388. Vehicle and Traffic Law § 388 imputes to the owner of a vehicle the negligence of one who uses or operates the vehicle with the owner’s express or implied permission. The provision imposes liability upon an owner if: "(1) [there is] death or injury to person or property, (2) the harm is the result of the operator’s negligence, (3) the negligence arose from the use or operation of the vehicle, and (4) the operator was using the vehicle with the owner’s permission.” (Levitt v Peluso, 168 Misc 2d 239, 241 [Sup Ct, Nassau County 1995].)
Lazarou argues that he cannot be held liable under section 388 because Hossain’s conduct was not negligent but rather intentional and criminal in nature. Lazarou relies on the separate criminal proceedings in which Hossain was tried and found guilty of two counts of assault in the first degree, reckless endangerment in the first degree and leaving the scene of an accident. According to Lazarou, these convictions have a res judicata effect on the issue of Hossain’s behavior, and the claim against Lazarou should be dismissed. Particularly, Hossain’s conviction of assault required a finding of intentional behavior towards DeJesus.
Lazarou incorrectly refers to res judicata; the applicable doctrine is collateral estoppel. Under this doctrine, a "criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue.” (Grayes v DiStasio, 166 AD2d 261, 262-263 [1st Dept 1990].) For a court to give collateral estoppel effect to a criminal conviction, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action. (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985].) In addition, the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination. (Supra.) The party arguing that collateral estoppel does not apply bears the burden of establishing that he or she did not have a full and fair opportunity to litigate the issue in the criminal action. (Supra, at 455-456.)
*923 This court must now apply this standard to the case at hand. First, to find that Hossain was guilty of assault in the first degree, the jury had to conclude that he acted with the "intent to cause serious physical injury to another person”. (Penal Law § 120.10 [1] [emphasis added].) Intent, or the conscious objective to cause physical injury, was an essential element of the crime. (See, Penal Law § 15.05 [1].) Thus, in convicting Hossain of assault in the first degree, the jury necessarily concluded beyond a reasonable doubt that Hossain intended physical injury toward plaintiff with the cab.
In this action, the fact finder must decide the same issue. DeJesus’ claim against Lazarou rests on whether the injury for which plaintiffs seek compensation was caused by Hossain’s negligent rather than intentional use of the car. "The finding of intent in [a] criminal action precludes a finding here that the act was the result of an accident”. (Valle v Blackwell, 173 AD2d 390 [1st Dept 1991]; see also, D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990] [stating intent to cause serious physical injury in the criminal action is sufficient to establish intent in a civil action].)
Second, Hossain has had a full and fair opportunity to litigate this issue. In the criminal trial, Hossain defended himself against the criminal charge of assault with the intent to injure. The result was a verdict in which all of the elements of each crime, including intent, were necessarily proven against him.
Lazarou has successfully met his burden. Thus, to show that collateral estoppel does not apply, plaintiffs must demonstrate the existence of a genuine issue of fact. (See, Sisko v New York Hosp., 231 AD2d 420 [1st Dept 1996], lv dismissed 89 NY2d 982 [1997].) DeJesus argues that Lazarou is attempting to be the sole trier of facts by concluding that Hossain’s conduct could only be found to be intentional. According to DeJesus, the fact that Hossain was convicted of criminal acts does not preclude the jury from finding that he was also negligent.
DeJesus’ contention is unsupported by any evidence presented in opposition to Lazarou’s motion and is insufficient to create an inference of negligence requiring a trial on the merits. (See, Brempong v Henris, 235 AD2d 238 [1st Dept 1997].) Furthermore, DeJesus has disregarded the principle of collateral estoppel. Hossain intentionally injured Lazarou while driving a cab. This issue has already been determined in a *924 criminal court and plaintiffs cannot relitigate it in this action.[3] Therefore, viewing in a light most favorable to DeJesus, they have failed to raise a triable issue of fact as to whether Hossain was negligent. (Singer v Long Is. Light. Co., 211 AD2d 779, 780 [2d Dept 1995].)
Therefore, upon the foregoing papers, it is ordered that the summary judgment motion is granted and all claims against Lazarou are dismissed.

. The claims of plaintiff Martha DeJesus, Danny DeJesus’ wife, are derivative. Where applicable, plaintiffs will be collectively referred to as DeJesus.

. The amendment allows courts to set an earlier date but it cannot be "earlier than thirty days after the filing of the note of issue.” (CPLR 3212 [a].)

. Accordingly, the court will not consider Lazarou’s evidence showing that Hossain’s actions were willful, wanton and morally culpable.