OPINION OF THE COURT
Stephen A. Ferradino, J.
On October 22 and 25, 1990, defendants W. W. Patenaude & Sons, Inc., and J. F. Patterson Painting Company, Inc., were spray painting at the General Electric facility in Waterford, *394 New York. Some of the sprayed paint carried beyond its intended target and settled on vehicles in the employees’ parking lot. General Electric’s insurance carrier, plaintiff Electric Mutual Insurance Company (hereinafter Electric), paid to have the vehicles affected repainted. In return, both General Electric and Electric obtained an assignment of a right of action from the owners of each damaged vehicle. Electric is now, through its alleged right of subrogation, seeking to be reimbursed for those payments by the defendants. The defendants allege that, though they may have been responsible for some or all of the damage, neither Electric nor General Electric was legally obligated to pay for the costs of repainting the vehicles. Therefore, Electric arguably does not have a right of subrogation. (National Union Fire Ins. Co. v Ranger Ins. Co., 190 AD2d 395.)
Pretrial proceedings included conferences, which produced a scheduling order. That order provided that all dispositive motions be brought before a certain date. That date has long passed. A note of issue was filed on October 23, 1996.
The defendants have each brought motions for summary judgment dismissing the action.
In opposition to this motion, the plaintiffs claim that it is untimely. First, the plaintiffs claim that the motions violate the scheduling order, and, second, that the movants failed to comply with a recent revision of CPLR 3212. That revised section provides that motions for summary judgment shall be made no later than 120 days after filing the note of issue. If applicable to this action, that section would have required the defendants to bring the motions on or before February 20, 1997. These motions were made returnable in May of 1997, and, if the revision is to be applied retroactively, are untimely.
Addressing first CPLR 3212 (a), the revision was effective on January 1, 1997. Courts have been split on whether the revision applies to notes of issue filed prior to the effective date (see, Legrand v City Courier, NYLJ, Sept. 4, 1997, at 23, col 2; DeJesus v New York City Tr. Auth., 173 Misc 2d 918; Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, col 1; Tananbaum v Huntington Hosp., NYLJ, June 2, 1997, at 34, col 3). To borrow a phrase, there is no controlling legal authority.
This court is of the opinion that the revision does not apply retroactively to motions in cases where notes of issue were filed prior to its effective date. It must be remembered that one of the functions of summary judgment is to take the place of a trial and to expedite civil cases (Andre v Pomeroy, 35 NY2d 361). It winnows the cases which deserve a trial before a fact *395 finder from those which may be decided on papers. To apply the revision retroactively, when its language does not give clear notice to practitioners who have already filed a note of issue prior to the effective date that they must comply with its provisions, would subject litigants and Trial Judges to many trials which are not warranted by the facts or the law.* Cases which deserve summary judgment would go without. The wheat would stay with the chaff. A revision which was intended to be remedial would actually have the opposite effect of further clogging already congested calendars. This court will not find that that was the Legislature’s intent.
Addressing the remaining ground for the plaintiff’s claim of untimeliness, unlike the claim of the retroactivity of CPLR 3212 (a), the latter ground has merit, and the motions will be denied on that ground. All parties agreed to a scheduling order, and these motions are not in compliance. Unlike the potential for surprise found in a retroactive application of CPLR 3212 (a), all parties were aware of the deadline, and could have brought any dispositive motions they deemed meritorious within the known time frame. To hold otherwise would only diminish the effect of scheduling orders, and the respect parties must have for judicial orders in general.
Accordingly, the motions for summary judgment are denied.

 Though the revision does permit tardy motions upon good cause shown, because that provision invites motion practice, additional court congestion would be expected.