OPINION OF THE COURT
Richard A. Goldberg, J.
Plaintiff Mirolsav Dugandzic alleges that, on September 17, 1992, while employed as a painter by G.F. Interiors, Inc., he was injured when he slipped and fell on paint remover he had applied to the floor of a locker room at Fort Hamilton High School.
Dugandzic and his wife commenced this action against defendants alleging negligence in the ownership, operation, management, control and inspection of the premises and violation of "the Labor Laws of the City and State of New York, the Administrative Code of the City of New York, the Federal Occupation Safety and Health Regulations known as OSHA together with the Industrial Code of the State of New York.” In their bill of particulars and supplemental bill of particulars, plaintiffs specifically allege violation of sections 200 and 241 (6) of the Labor Law and violation of section 23-1.7 (d) of the Industrial Code (12 NYCRR) and that defendants failed to provide adequate illumination.
In his deposition, Dugandzic testified that, on the day before the accident, he was directed by his employer’s foreman to pour paint remover on the floor of the locker room and to scrape the floor. He was supplied with a mask, goggles, rubber gloves and tools. He spent approximately six hours on the day *704 before the accident removing paint from the locker room floor. He had to walk across the paint remover in order to scrape the floor and he noticed that it was slippery. He was not provided with a cloth or anything else to stand on. He testified that "[t]he light was not so good either.” On the day of the accident, he had been working for approximately two hours when he slipped and fell in an area that he had already scraped.
In his deposition, Hani Arafat, a senior project officer for the New York City School Construction Authority (NYCSCA), testified that the NYCSCA engaged Trataros Construction, Inc., to perform the renovation work being done at Fort Hamilton High School and engaged Crowe Construction Company as construction manager for the work. Arafat visited the school on a daily basis and was "in charge of schedule, time, enforcing the contract’s requirement for construction manager, for the consultants and for the contract,” and would "tour the job to see it was running in a proper manner.” He further testified that if he saw anything unsafe, the NYCSCA had "the power to take it over.” With respect to the work to be performed on the locker room floor, Arafat testified that he told plaintiffs employer to scrape the floor in order to level it for the application of new paint, but the employer said he could not scrape it but would remove the existing paint by using paint remover. He also testified that he did not inspect the locker room where the paint was being removed from the floor "because it’s slippery.”
Plaintiffs filed their note of issue on October 11, 1995.
All the defendants and third-party plaintiffs (the defendants) except the City of New York (the City) now move for summary judgment dismissing plaintiffs’ complaint and all cross claims against them on the grounds that the proximate cause of Dugandzic’s accident was his performance of his duties as a painter, that defendants had no actual or constructive notice of a dangerous condition and no duty to warn Dugandzic, and that there is no liability under section 241 (6) of the Labor Law, or under section 200 of the Labor Law where the accident is caused by a hazard which is inherent in the work the employee is to perform or where an injury is caused by the method utilized by the employee in the performance of his work. The motion was served on April 17, 1997. The City cross-moves for summary judgment dismissing plaintiffs’ complaint and all cross claims against it which allege violation of sections 200 and 241 (6) of the Labor Law on the grounds that the City did not control or supervise plaintiff’s work and that plaintiffs *705 have failed to allege a violation of an applicable section of the Industrial Code. The cross motion was served on June 19, 1997.
Plaintiffs oppose the motion and cross motion, procedurally on the grounds that they were brought more than 120 days following the filing of the note of issue, because defendants had notice of the slippery condition, because the violation of section 23-1.7 (d) of the Industrial Code was a proximate cause of the accident, and because the defendants maintained supervision and control of Dugandzic’s work. In support of their position, plaintiffs submit the affidavit of Stephen A. Estrin, a safety engineer, who opines that application of the paint remover with rollers rather than with a pure bristle brush, as called for in the manufacturer’s directions, was not in conformity with industry standards and resulted in "an uneven application,” which made the floor excessively slippery. He further opines that Dugandzic should have been provided with plywood sheets to stand on.
Timeliness of the Motion and Cross Motion
Effective January 1, 1997, CPLR 3212 (a), as amended (L 1996, ch 492), provides that "[a]ny party may move for summary judgment in any action, after issue has been joined; provided however, that the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.”
No appellate court has, as yet, decided the applicability of the amended statute to cases where the note of issue was filed before January 1, 1997. The only officially reported case that addressed the issue held that, the statute being a procedural one that does not affect a substantive right of a party, it should be given retroactive effect, and motions for summary judgment in cases where the note of issue was filed before January 1, 1997 are untimely unless made within 120 days of the date of the filing of the note of issue. (Auger v State of New York, 171 Misc 2d 866 [Ct Cl 1997].) On the other hand, several Supreme Court cases have held that summary judgment motions in such cases are timely if made within 120 days of January 1, 1997. (See, DeJesus v New York City Tr. Auth., 173 Misc 2d 918 [Sup Ct, NY County 1997]; Martinez v Nassau St. Partners, NYLJ, Sept. 4, 1997, at 22, col 5 [Sup Ct, Bronx County]; Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, col 1 *706 [Sup Ct, NY County]; Tananbaum v Huntington Hosp., NYLJ, June 2, 1997, at 34, col 3 [Sup Ct, Suffolk County].) These cases rely on the Legislature’s "intent in amending the procedure for summary judgment * * * to prevent the disruption caused by 'eleventh hour motions’.” (Tananbaum v Huntington Hosp., supra, at 34, col 4, quoting Mem of Senate in support of L 1996, ch 492, 1996 McKinney’s Session Laws of NY, at 2433.) This court agrees that this approach "will serve to reduce the transitional effects in motion practice caused by the amendment and preserve the legislative goal of preventing 'disruption to the hearing of cases caused by * * * eleventh hour motions’ ”. (Supra, at 34, col 4.) The motion and cross motion, brought within 120 days of January 1, 1997, are timely.
Defendants’ Motion for Summary Judgment
Section 241 (6) of the Labor Law requires that contractors and owners or their agents shall comply with the following: "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein.”
The duty imposed by section 241 (6) is nondelegable. (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 [1993].) The liability of contractors and owners under this section is not dependent on whether the owner or contractor exercised control or supervision of the work site. (Allen v Cloutier Constr. Co., 44 NY2d 290, 300 [1978].) However, a plaintiff must plead violation of a "concrete specification[ ]” of the Industrial Code of the State of New York to maintain an action under section 241 (6). (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d, at 505.) Allegations of a violation of Industrial Code regulations that are "inapplicable to the facts of the case * * * are inadequate to support a cause of action” under section 241 (6). (McCole v City of New York, 221 AD2d 605, 606 [2d Dept 1995].) Section 23-1.7 (d) of the Industrial Code provides, inter alia, that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition” and that "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.”
While a violation of section 23-1.7 (d) of the Industrial Code is sufficient to support a cause of action under section 241 *707 (6) of the Labor Law (see, e.g., Fox v Westchester Resco, 229 AD2d 466 [2d Dept 1996]), it must also "be applicable to the set of facts presented” (Francis v Aluminum Co., 240 AD2d 985, 987 [3d Dept 1997]). Here, plaintiff’s accident occurred not because of a failure to remove or cover a foreign substance, but because material he himself was using in his employment was slippery. Clearly, the purpose of the regulation is to provide a safe place for workers to walk, not to dictate how paint is to be removed from a floor. None of the parties have addressed this issue and the court can find no authority for the proposition that a substance spread on a floor by the plaintiff himself, under the direction of his employer, constitutes a violation of section 23-1.7 (d). Further, although not addressed on this motion, an alleged violation of OSHA regulations, as asserted in plaintiffs’ bill of particulars, does not support a cause of action under section 241 (6). (Ciraolo v Melville Ct. Assocs., 221 AD2d 582 [2d Dept 1995].) Similarly, and again not argued on this motion, any alleged violation of the Administrative Code or the Building Code of the City of New York cannot support a section 241 (6) cause of action. Accordingly, the claim under section 241 (6) of the Labor Law will be dismissed.
Section 200 of the Labor Law "codifies landowners’ and general contractors’ common-law duty to maintain a safe workplace.” (Ross v Curtis-Palmer Hydro-Elec. Co., supra, 81 NY2d, at 505.) "[W]here such a claim arises out of alleged defects or dangers arising from a subcontractor’s methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation”. (Supra.) Here, by the testimony of Hani Arafat, an issue of fact is raised as to the degree of supervision and control exercised by defendants. Arafat testified that he was able to stop the work if he noticed anything dangerous and, further, that he never entered the locker room because the floor was slippery. These statements are sufficient to deny defendants’ motion and to submit the questions of supervision and control and of plaintiff’s comparative negligence, if any, to a jury. In reaching this conclusion, the court notes that, on the papers before it, it is impossible to determine, except as far as the City is concerned, the extent to which each of the other defendants, all represented by the same attorney, exercised supervision or control. Accordingly, the claim under section 200 of the Labor Law will not be dismissed.
*708 The City’s Cross Motion
As discussed above, plaintiffs cannot maintain their claim under section 241 (6) of the Labor Law. Further, with respect to the claim against the City under section 200 of the Labor Law, there is simply no evidence that the City exercised any supervision or control over the work being performed at Fort Hamilton High School. Accordingly, the cross motion will be granted.
Ordered, that the branch of defendants’ motion that is for summary judgment dismissing the claim and all cross claims under section 241 (6) of the Labor Law is granted and the claim is hereby dismissed; and it is further ordered, that the branch of defendants’ motion that is for summary judgment dismissing the claim and all cross claims under section 200 of the Labor Law is denied; and it is further ordered, that the City’s cross motion for summary judgment dismissing plaintiffs’ complaint and all cross claims against it is granted, the complaint and all cross claims dismissed and the action severed accordingly.