**Sheri DETERLING, Plaintiff,**

v.

**Bruce CATTIE, Defendant.**

**No. 95 CIV. 4061(WK).**

United States District Court,
S.D. New York.

Sept. 9, 1998.

---

Stephanie O'Connor, Law Offices of Sybil Shainwold, P.C., New York, NY, for Plaintiff.

Richard M. Asche, Litman, Asche & Gioella, LLP, New York, NY, for Defendant.

## OPINION & ORDER

WHITMAN KNAPP, Senior District Judge.

This action stems from an alleged assault by defendant upon plaintiff in a New York City hotel room. The parties had been romantically involved prior to the incident, though the defendant claims that he terminated the relationship the night before the altercation. Before us are two motions: (1) plaintiff's motion for partial summary judgment on the theory that defendant is precluded from litigating the issue of his culpability in the alleged attack; and (2) defendant's cross motion to dismiss plaintiff's second cause of action, "negligent assault", on the theory that such a claim does not exist under New York law.

## BACKGROUND

According to the complaint, plaintiff avers that she and defendant were guests of the Royalton Hotel on the morning of July 8, 1994 when the defendant "maliciously assaulted, beat, pushed, kicked, and shoved [her]", causing her to suffer physical injuries. This account is contradicted by defendant's affidavit, which insists that the plaintiff initiated the physical altercation while he was still asleep. He asserts that he used only enough physical force so as "to evict the plaintiff from the hotel room."

Shortly after the incident, New York City Police were called to the Royalton. Defendant was then arrested and charged with third degree assault. The District Attorney's Office later filed criminal charges of: (1) third degree intentional assault; (2) third degree reckless assault; and (3) second degree harassment. Defendant ultimately entered a guilty plea admitting to third degree reckless assault. He received a conditional discharge and an order of protection was issued in the plaintiff's favor.

Though plaintiff had originally brought suit against the hotel, its security provider, and the present named defendant, she has since voluntarily dismissed all defendants except the last.

## DISCUSSION

### A. Collateral estoppel and criminal convictions

██ Under the doctrine of collateral estoppel, a criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating an issue. *DeJesus et al. v. New York City Transit Authority, et al.* (Sup.Ct.New York County 1997), 173 Misc.2d 918, 661 N.Y.S.2d 952, 955. In order for a court to give estoppel effect to a criminal conviction, however, the party seeking the benefit of the estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action. *Id. Accord Hemphill v. Schott* (2d Cir.1998) 141 F.3d 412, 416 ("While a plaintiff may be estopped in a civil case from relitigating issues previously determined in a criminal case, such estoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution."). In addition, the party to be estopped must have had a full and fair opportunity to contest the prior determination. *DeJesus,* 661 N.Y.S.2d at 955. In the case at bar, defendant does not contest his full and fair opportunity to contest the prior criminal conviction.

██ Plaintiff argues that because the issues of fault surrounding the physical assault upon her are the same in both the prior criminal proceeding and in the case at bar, defendant is now estopped from denying civil liability. For this proposition, she relies heavily on *Grayes v. DiStasio* (1st Dep't 1990) 166 A.D.2d 261, 560 N.Y.S.2d 636. In *Grayes,* the defendant pled guilty to assault in the second degree after shooting the plaintiff with an unlicensed gun. That court held that the defendant was precluded from denying liability in the subsequent civil action. It noted that the defendant's purported affirmative defenses of provocation and self defense were "of necessity resolved against him by virtue of his plea." *Id.* at 637.

In the case at bar, defendant has advanced the affirmative defense that plaintiff's culpable conduct contributed to his motivation for committing reckless assault. If this defense was unavailable to him in the criminal proceeding, plaintiff will be unable to prove an identity of issues, which (as noted above) is required for the doctrine of collateral estoppel to apply.

Defendant calls our attention to several cases which explore affirmative defenses such as the plaintiff's culpable conduct in the collateral estoppel context. We do not find such cases to be inconsistent with the case upon which plaintiff principally relies, *Grayes v. DiStasio, supra*. In the case most germane to the facts at bar, *Captain v. Hamilton* (4th Dep't 1991) 178 A.D.2d 938, 579 N.Y.S.2d 249, the defendant had also been convicted of third degree reckless assault. That court held that the defendant's conviction of assault "did not determine the issue of plaintiff's culpable conduct and, therefore, the doctrine of collateral estoppel may not be invoked to preclude defendant from litigating that issue." *Id.* at 250. *See also Broer v. Smith* (2d Dep't 1997) 240 A.D.2d 528, 658 N.Y.S.2d 447 (collateral estoppel deemed to apply where defendant came forward with no evidence to support his conclusory claim that plaintiff was partially responsible for his own injuries); *Jordan v. Britton* (4th Dep't 1987) 128 A.D.2d 315, 515 N.Y.S.2d 678, 682 (where defendant raised affirmative defense of comparative negligence, putting into issue relative degrees of culpability between parties, plaintiff's partial summary judgment motion could not be granted on grounds of collateral estoppel).

Aside from referring to *Captain v. Hamilton* as a "curious" decision, plaintiff's moving papers never address, let alone refute, the argument that her culpable conduct was a defense unavailable to the defendant when he faced criminal prosecution. Plaintiff therefore cannot meet her burden of demonstrating an identity of issues between the criminal and civil actions and her motion for partial summary judgment is denied.

### B. Negligent assault

██ Defendant makes a cross motion for summary judgment to dismiss plaintiff's sec-

ond cause of action, "negligent assault", on the grounds that it is not recognized in New York. This assertion is bourne out in numerous decisions on this issue. In *Mazzaferro v. Albany Motel Enterprises, Inc.* (3rd Dep't 1987) 127 A.D.2d 374, 515 N.Y.S.2d 631, 632–33, the court observed:

> New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently. There is, properly speaking, no such thing as a negligent assault. (quotations omitted).

*See also Trott v. Merit Department Store* (1st Dep't 1985) 106 A.D.2d 158, 484 N.Y.S.2d 827, 828 (same); *Travelers Property Casualty v. Weiner, et al.* (Sup.Ct.Tompkins County 1997) 174 Misc.2d 831, 666 N.Y.S.2d 392, 393 ("It is well settled that efforts to adorn an intentional tort cause of action with a companion negligence claim, based on the same act, must fail."). Defendant's cross motion to dismiss plaintiff's cause of action for negligent assault is granted.

SO ORDERED.