■ KEVIN WHALEN, Respondent, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants. THUNDER-BIRD CONSTRUCTORS, INC., Third-Party Defendant-Respondent. [704 NYS2d 305] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs, the City of New York and Perini Corporation, s/h/a Perini Construction Incorporated, appeal (1) from a purported interlocutory judgment of the Supreme Court, Queens County (Weiss, J.), dated May 19, 1998, on the issue of liability, (2) from a judgment of

the same court, entered December 18, 1998, which is in favor of the plaintiff and against them in the principal sum of $392,860, (3), as limited by their brief, from so much of an order of the same court, dated January 20, 1999, as denied that branch of their motion which was for a declaration that Perini Corporation, s/h/a Perini Construction Incorporated, was entitled to an automatic stay pursuant to CPLR 5519 (a) (1), and (4) from an order of the same court (Polizzi, J.), dated February 3, 1999, which granted the motion of the third-party defendant Thunderbird Constructors, Inc., to renew the prior motion of the defendants third-party plaintiffs for summary judgment on the third-party complaint which was granted by order of the same court dated June 10, 1997, and, upon renewal, denied the prior motion.

Ordered that the appeal from the purported interlocutory judgment is dismissed, without costs or disbursements, as it is a jury verdict embodied in an extract of the trial minutes, which is not appealable; and it is further,

Ordered that the appeal by the City of New York from the order dated January 20, 1999, is dismissed, without costs or disbursements, as the City of New York is not aggrieved by the portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the appeal by Perini Corporation, s/h/a Perini Construction Incorporated, from the order dated January 20, 1999, is dismissed, without costs or disbursements, as the portion of the order appealed from is not appealable as of right and leave to appeal has not been granted (see, CPLR 5701); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated February 3, 1999, is modified by deleting the provision thereof denying the motion of the defendants third-party plaintiffs for summary judgment and substituting therefor a provision adhering to the original determination in the order dated June 10, 1997; as so modified, the order dated February 3, 1999, is affirmed, without costs or disbursements.

The plaintiff, Kevin Whalen, an iron worker, commenced this action to recover damages for injuries he sustained while descending an icy staircase from a construction site on the Pulaski Bridge in Queens. The complaint alleged, inter alia, that the two defendants, the City of New York (hereinafter the City) and the general contractor, Perini Corporation, s/h/a Perini Construction Incorporated (hereinafter Perini), negligently

maintained the construction site and violated Labor Law §§ 200 and 241 (6). The defendants commenced a third-party action against Whalen's employer, Thunderbird Constructors, Inc. (hereinafter Thunderbird), the subcontractor hired to perform the steel work on the bridge. In an order dated June 10, 1997, the Supreme Court granted those branches of the motion of the City and Perini which were for summary judgment on the third-party complaint which asserted, among other things, causes of action for indemnification and breach of contract based on Thunderbird's failure to name the City and Perini as additional insureds on its insurance policy. After a bifurcated trial, the jury rendered a verdict in favor of Whalen and against the City and Perini. After entry of the judgment, the Supreme Court granted Thunderbird's motion for renewal and denied the motion of the City and Perini for summary judgment on the third-party complaint.

It is well settled that Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors regardless of their control or supervision of the work site (see, Allen v Cloutier Constr. Corp., 44 NY2d 290; Long v Forest-Fehlhaber, 55 NY2d 154; Miller v Perillo, 71 AD2d 389). In order to prevail on a Labor Law § 241 (6) claim, however, the plaintiff must establish that the defendant violated a regulation that sets forth a specific standard of conduct (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). Here, Whalen relied on a provision of the Industrial Code, 12 NYCRR 23-1.7 (d), which requires removal, sanding, or covering "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing" from any "floor, passageway, walkway, scaffold, platform or other elevated working surface".

Contrary to the defendants' contention, 12 NYCRR 23-1.7 (d) contains specific directives that are sufficient to sustain a cause of action under Labor Law § 241 (6) (see, Fox v Westchester Resco, 229 AD2d 466; Ciraolo v Melville Ct. Assocs., 221 AD2d 582; Colucci v Equitable Life Assur. Socy., 218 AD2d 513; Hammond v International Paper Co., 178 AD2d 798). Moreover, the testimony at trial established that the staircase where the accident occurred was a passageway to the work site. Responsibility under Labor Law § 241 (6) "extends not only to the point where the * * * work was actually being conducted, but to the entire site, including passageways utilized in the provision and storage of tools, in order to insure the safety of laborers going to and from the points of actual work" (Sergio v Benjolo, 168 AD2d 235, 236; see also, Zeigler-Bonds v Structure Tone, 245 AD2d 80).

In addition, Whalen met his burden of proof with respect to lost earnings by submitting evidence which included documentation of the wages received by union workers at the plaintiff's pay scale and documentation of his employment during the period immediately preceding the accident (*see, Nelson v 1683 UNICO,* 246 AD2d 447).

Nonetheless, upon granting that branch of Thunderbird's motion which was to renew the appellants' prior motion for summary judgment on the third-party complaint, the Supreme Court should have adhered to the prior determination granting the motion. The basis for renewal was evidence that General Star Insurance Co. (hereinafter General Star) had mistakenly failed to name the City and Perini as additional insureds on Thunderbird's policy and that on October 28, 1998, General Star modified the policy issued to Thunderbird to add the City and Perini as additional insureds, retroactive to October 4, 1993, a date before Whalen's accident. The modification, however, only provided coverage to the City and Perini for damages awarded to the plaintiff based on Thunderbird's own negligence. In light of the fact that in May 1998 the jury determined that only the City and Perini were negligent, General Star disclaimed coverage as to the City and Perini. We find this belated, and somewhat dubious, modification of the insurance policy insufficient to defeat the motion for summary judgment on the third-party complaint by the City and Perini. The contract between Perini and Thunderbird required Thunderbird to purchase insurance naming the City and Perini as additional insureds for all purposes except for Workers' Compensation claims. Indeed, if the purpose of the insurance requirement of the contract was only to insure the City and Perini for Thunderbird's negligence, there would be no reason to list them as additional insureds. Thus, the fact that General Star finally named the City and Perini as additional insureds did not comport with the contract requirements between Perini and Thunderbird and could not form the basis for reversal of the Supreme Court's original order granting summary judgment on the third-party complaint (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Kennelty v Darlind Constr.,* 260 AD2d 443). Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.