Supreme Court properly determined that transfer of the proceeding pursuant to CFLR 7804 (g) was not required since the issues raised in the petition concerned the penalty imposed rather than the charges of nondesirability (see e.g. Matter of Kerney v Hernandez, 60 AD3d 544 [1st Dept 2009]). Even were we to conduct a de novo review, petitioner’s guilty plea to the criminal charge involving illegal drug activity in his apartment established the nondesirability charges (see Grayes v DiStasio, 166 AD2d 261, 262-263 [1st Dept 1990]).
Despite the existence of mitigating factors, the penalty of termination does not shock one’s sense of fairness, particularly in view of the danger to others posed by petitioner’s illegal drug activity (see Matter of Chandler v Rhea, 103 AD3d 427 [1st Dept 2013]). The Hearing Officer was entitled to reject the testimony of petitioner’s expert as to his low risk of recidivism, even in the absence of a contrary expert opinion (see Felt v Olson, 51 NY2d 977, 979 [1980]).
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.