■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THE JOHN GALT CORPORATION, Appellant. [979 NYS2d 305]—

The verdict was based on legally sufficient evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Defendant was properly convicted under the statutory standards for a misdemeanor prosecution of a corporation based on the conduct of its agents (*see* Penal Law § 20.20 [2] [c]). The evidence supports the inference that defendant's employees, "acting within the scope of [their] employment and in behalf of the corporation," committed acts constituting reckless endangerment in the second degree. During the course of abatement work being performed in the Deutsche Bank Building's basement, defendant's foreman directed another worker employed by defendant to remove a 42-foot section of the building's standpipe,

notwithstanding that the foreman was aware that the standpipe was necessary to provide water to firefighters in the event of a fire, thereby creating a substantial risk of serious physical injury to another person (Penal Law § 120.20).

The court did not improperly amend the indictment by referring to the acts of four of defendant's employees who had not been specifically mentioned in the People's bill of particulars. The bill of particulars cannot be reasonably construed as limiting the People's theory of prosecution, especially with regard to the sole charge upon which defendant was convicted, to the acts committed by the two employees who were individually charged with crimes (*see e.g. People v Fronjian*, 22 AD3d 244 [2005], *lv denied* 6 NY3d 776 [2006]; *People v Basciano*, 54 AD3d 637 [1st Dept 2008]). Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.