■ BOVIS LEND LEASE (LMB) INC., Plaintiff/Third-Party Plaintiff-Appellant-Respondent, v LOWER MANHATTAN DEVELOP-

MENT CORPORATION, Defendant. ARCH INSURANCE Co., Third-Party Defendant-Respondent-Appellant. [40 NYS3d 371]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 21, 2015, which, insofar as appealed from as limited by the briefs and insofar as appealable, granted third-party defendant's (Arch) motion for summary judgment dismissing the third-party cause of action for breach of performance bonds, granted Arch's cross motion for summary judgment to the extent of limiting its liability under paragraph 3 (a) of the "Companion Agreement" to costs incurred by nonparty subcontractor John Galt Corporation (Galt), and denied third-party plaintiff's (Bovis) motion for partial summary judgment on its third-party causes of action for breach of the Companion Agreement and the performance bonds, unanimously modified, on the law, to deny Arch's motion for summary judgment dismissing the cause of action for breach of the bonds, and grant Bovis's motion for partial summary judgment on that cause of action, and otherwise affirmed, without costs.

The court erred in dismissing the claim asserted by Bovis, the general contractor on the construction project and obligee of the performance bonds, that Arch, as surety thereof, breached the bonds. The court found that Arch's alleged nonperformance was excused by Bovis's breach of the bonds by prohibiting Arch from retaining Galt to complete its work after it was terminated. However, the bonds expressly required Arch's replacement of Galt to be "in accordance with" Galt's subcontracts, which incorporated the prime contract. Those contracts required the prior written approval of Bovis and defendant Lower Manhattan Development Corporation (LMDC) for any replacement subcontractor, which applied to the selection of Galt to complete its own work after it was terminated upon default. It is undisputed that Bovis, in terminating Galt, expressly and unequivocally disapproved of Galt's continued performance of the building abatement work. Moreover, Galt's criminal conviction arising from its performance on the project showed that Galt was a non-responsible contractor and thus disqualified from serving as a subcontractor on the public New York City project (*see Matter of N.J.D. Elecs. v New York City Health & Hosps. Corp.*, 205 AD2d 323, 324 [1st Dept 1994]; *see also* 9 RCNY 2-08). Bovis is entitled to judgment as a matter of

law on this claim regardless of which option of the bonds Arch is deemed to have pursued.

Arch's only challenge to the order on appeal is the court's finding that Bovis properly terminated Galt on default. However, since Arch is not aggrieved by the court's dismissal of Bovis's breach of the bonds claim (*see* CPLR 5511), its cross appeal is dismissed (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]).

Nevertheless, Arch's challenge to that finding, considered as an alternative argument in opposition to Bovis's appeal from the dismissal of its breach of the bonds claim, is unavailing. The bonds, by their terms, took effect only if Galt was terminated based on an "Event of Default," contractually defined to exclude a mere "failure of [Galt] to prosecute the Work," but to include "an act or omission by [Galt] which stops, delays, interferes with, or damages the Work." That definition applied to Galt's removal of a standpipe which supplied water to firefighters, resulting in the deaths of two firefighters and damage to the building. The court properly gave preclusive effect to findings made in a related criminal case following a nonjury trial, in which the court found Galt guilty of reckless endangerment in the second degree based on evidence that, among other things, Galt's foreman, in the course of performing Galt's abatement work, directed a Galt worker to remove a standpipe necessary to supply water to firefighters (*see People v John Galt Corp.*, 113 AD3d 537 [1st Dept 2014] [finding the evidence legally sufficient to support those findings], *lv denied* 23 NY3d 1038 [2014]). Thus, Arch was precluded from contesting whether Galt breached its contractual obligation to maintain the standpipe, since the same issue was resolved in the criminal case and is relevant to the ultimate issue in this case of whether the default termination was proper (*see Grayes v DiStasio*, 166 AD2d 261, 262-263 [1st Dept 1990]).

As for Bovis's claim under the Companion Agreement, which limits the scope of Arch's liability thereunder by reference to "Galt's Work," and "costs incurred by Galt," the court correctly found that issues of fact exist as to whether, as Bovis argues, the scope of Bovis's work was coextensive with the scope of Galt's work. For example, the agreement obligated Bovis to maintain a second hoist to be erected by another contractor. Moreover, the limitation on Arch's liability to "costs incurred by Galt," found in paragraph 3 (a) of the agreement, was omitted from the contemporaneously executed "Supplemental Agreement" concerning Bovis's liability to LMDC (*see Quadrant Structured Prods. Co., Ltd. v Vertin*, 23 NY3d 549, 560 [2014];

*see also Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium*, 65 AD3d 985, 987 [1st Dept 2009]). Although, as Bovis argues, paragraph 3 (a) concerned the priority of liability among Bovis, Arch, and Galt, it concerned the extent of Arch's liability as well. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.