Bovis Lend Lease (LMB) Inc. v Lower Manhattan Dev. Corp. (2023 NY Slip Op 02760)

Bovis Lend Lease (LMB) Inc. v Lower Manhattan Dev. Corp.

2023 NY Slip Op 02760

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 603243/09 Appeal No. 295-296-297 Case No. 2022-00391, 2022-01475, 2022-01940 

[*1]Bovis Lend Lease (LMB) Inc., Plaintiff,
v
Lower Manhattan Development Corporation, Defendant.
Bovis Lend Lease (LMB), Inc. etc., Third-Party Plaintiff-Appellant,
v
Arch Insurance Company, Third-Party Defendant-Respondent.

Weil Gotshal & Manges LLP, New York (Gregory Silbert of counsel), for appellant.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho (Kevin M. Gary of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered April 22, 2022, awarding third-party defendant Arch Insurance Company damages of $19,998,452.43, inclusive of costs and interest, against third-party plaintiff Bovis Lend Lease (LMB), Inc., and bringing up for review orders, same court and Justice, entered on or about December 27, 2021 and March 7, 2022, which granted Arch's motion in limine to preclude Bovis from presenting evidence at trial that it is entitled to recover damages beyond nominal damages, granted Arch's motion for summary judgment on its counterclaim for reimbursement of $9 million it advanced to Bovis, and denied Bovis's cross-motion to dismiss Arch's counterclaim, unanimously affirmed, with costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Bovis was previously awarded partial summary judgment on its claim to recover against performance bonds issued by Arch, leaving only the issue of damages for trial. The court properly granted Arch's in limine motion to preclude Bovis from offering evidence at trial of damages related to excess fire and demolition costs, as all of Bovis's claimed damages were either recoverable under the Companion Agreement, i.e., excess abatement costs, or damages for claims resolved in Bovis's settlement with Lower Manhattan Development Corporation (LMDC). The Companion Agreement between Bovis and Arch was a settlement agreement that resolved and settled the dispute regarding Arch's liability to Bovis. Bovis's damages on its remaining claim against Arch excludes all claims resolved in Bovis's settlement with LMDC (see Bovis Lend Lease (LMB), Inc. v Lower Manhattan Dev. Corp., 172 AD3d 607, 607-608 [1st Dept 2019]). Arch demonstrated that the LMDC settlement encompassed the claimed damages that Bovis sought to prove at trial.
The court correctly granted Arch's motion for summary judgment on its counterclaim to recover $9 million it advanced to Bovis, as it was later determined that Arch had no obligation to make prelitigation payments (see Bovis Lend Lease (LMB) Inc. v Lower Manhattan Dev. Corp., 143 AD3d 597 [1st Dept 2016]). In addition, the court providently exercised its discretion in awarding Arch 9% interest from the dates of its advances to Bovis (see CPLR 5001 [a], [b], 5004 [a]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023